
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAR - 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Richard J. Lynn, Plaintiff
PO Box 8500
Florence, Colorado 81226
BOP # 09748-004

v.

Civil Action No. _____

Harley G. Lappin, Defendant
Director of Federal Bureau of Prisons
320 First Street, N.W.
Washington, D.C. 20534

Ron Wiley, Defendant
Warden ADX
PO Box 8500
Florence, Colorado 81226

Case: 1:08-cv-00418
Assigned To : Bates, John D.
Assign. Date : 3/7/2008
Description: Pro Se General Civil

---

## PRISONER COMPLAINT

---

1

## A. PARTIES

1.    Richard J. Lynn, Plaintiff
      # 09748-004
      PO Box 8500
      Florence, Colorado 81226


2.    Harley G. Lappin, Defendant
      Director of Federal Bureau of Prisons
      Respondent Superior
      320 First Street, N.W.
      Washington, D.C. 20534


3.    Ron Wiley, Defendant
      Warden ADX
      PO Box 8500
      Florence, Colorado 81226

## B. JURISDICTION

28 U.S.C. § 1331 (Federal Prisoner)

28 C.F.R. § 541.22 and Privacy Act, 5 U.S.C.

§ 552a(g)(1)(c)(d)(2)(4)(Pursuant Statues)

## C. NATURE OF THE CASE

On October 16, 2006, the Bureau of Prisons transferred plaintiff, Richard J. Lynn, from USP1 Coleman, Florida to Administrative Maximum (ADX) Florence, Colorado. This transfer was based on **"false and fabricated"** documents, which were compiled by Bureau of Prison (BOP) staff members to punish plaintiff in direct retaliation for contacting Senator Bill Nelson of Florida concerning the Constitutional violations in the Segregated Housing Unit (SHU) and the SHU staff's involvement in abetting and orchestrating the murder of inmate Rick Delano and the cover up by the Administration.

These **false and inaccurate** documents (see Exhibits AA-BB-CC) have been used to influence a number of **adverse and detrimental** decisions by other BOP employees, including custody and security classifications, placement in ADX, the loss of (GCT) Good Time Credits, and the loss of numerous privileges.

Plaintiff asserts that the BOP has failed to maintain **true and accurate** records has done so **intentionally and willfully** and each of the defendants have refused to address the **inaccurate and fabricated** documents that other BOP staff (i.e.:  Regional Directors, Wardens, Case Management Coordinators and others) have relied upon in making adverse determinations which have negatively affected plaintiffs rights.

Each defendant has claimed these documents are **time barred** from being reviewed, corrected, and maintained accurately. When, in fact there can be **no** time limit involved with maintaining **True and Accurate** records/files.

Beyond plaintiffs placement in ADX, the most restrictive prison in the BOP, plaintiff can no longer receive regular visits from his family, who are now 1700 miles away in Florida and all visits at ADX are non-contact thru glass, on a telephone, can only make (2) 15 minute phone calls per month (compared to (20) 15 minute calls per month at regular institutions), remains in 23-24 hour administrative solitary lockdown confinement, with sporadic (1) hour recreation periods inside a small room with no fresh air or sunshine, is allowed sporadic (3) hour outside recreation 1 or 2 times per week in small dog-kennel like cages, has very limited access to a law library, no use of a typewriter, no copy access, and no social interaction with anyone, is forced to live around mentally ill psychopathic inmates, who scream and pound on the walls and showers daily for hours on end.

These adverse conditions have been forced upon plaintiff by the use of retaliatory fabrication of BOP documents by certain staff and the failure of each of the defendants to verify, review and correct them, where **truth** is clearly provable or relatively easily ascertained by review of plaintiff's Central File contacting those who compiled each document, depositions of staff responsible for relying on these **false and fabricated** documents. Plaintiff was told these errors can be corrected at the next update (Team Review) but at that update (5-24-07) (see Exhibits A) plaintiff was instead told he would have to **take it to court** to get them corrected.

The BOP, an agency keeping a system of records **must** maintain those records with "such accuracy, relevance, timeliness, and completeness as is reasonably necessary" to assure fairness to the individual. If the BOP **willfully or intentionally** fails to maintain records in such a

manner and, as a result makes a determination adverse to that individual it will be liable to that person for money damages. Plaintiff was not required to Exhaust Administrative Remedies before bringing this action but did so to give the BOP, and each of the listed defendants, who have the responsibility to review, correct and maintain **true and accurate** current files/records pertaining to plaintiff the opportunity to address and correct these documents/records. As the record and documents show clear and convincingly it is indisputable each and every defendant has stonewalled, refused, and failed, at every level of plaintiff's administrative appeals (see Exhibit **A-G)** to even attempt to address the issues and documents.

These documents have been used and relied upon, as true and accurate, to make adverse and detrimental decisions that have created a "Quantum Change" in plaintiff's incarceration and have violated his protected liberty interest and procedural Due Process rights.

Plaintiff has also filed a related 28 U.S.C. § 2241 Civil Action #07-CV-01856-MSK-KLM, that involves a false and fabricated incident report and procedural Due Process violations used to place plaintiff in SHU at U.S.P. 1 Coleman, Florida for (377) days without notice, without **any** SRO reviews, psychological assessments, hearings, etc. and was ultimately used to place plaintiff in ADX, using these false and fabricated documents.

Plaintiff now brings this Civil Action and will show the Court indisputable, clear and convincing evidence, where each document is **false and inaccurate** and was fabricated for the sole purpose to punish and make the plaintiff **go away** in direct retaliation for expressing his constitutional rights. ADX is the BOP's most restrictive institution and very capable of making one **go away.**

Each defendant, individually and in his official capacity, have perpetrated a campaign of misinformation, used fabricated and falsified documents and have failed to even attempt to

correct and maintain **true and accurate** files/records concerning the plaintiff. All of which violates his protected liberty interest and due process of law.

## D. CAUSE OF ACTION

1.      Claim One:  Defendants violated procedural Due Process rights conferred by Privacy Act, 5 U.S.C. § 552a(g)(1)(c)(d)(2)(4).

Supporting Facts: On April 11, 2007, plaintiff requested certain documents from his Central File from BOP employee A. Fenlon (see Exhibit **A + B**) plaintiff maintained that many of the documents were false and inaccurate and requested that they be reviewed and maintained correctly, BOP employee A. Fenlon in his disposition stated "Any errors which may exist in the prior progress report can be corrected on the next update." (see Exhibit A).

On April 18, 2007, plaintiff attempted to informally resolve these inaccurate and false documents (via BP-8) filed with BOP employee R. Madison. The facts of plaintiff's complaint were not addressed by R. Madison, he only stated "A review of your complaint has been conducted. The documents you requested were given to you by your Unit Team." This did not correct the false and inaccurate documents: and their content, as plaintiff clearly pointed out the inaccuracy of each document, and asked that they be reviewed and corrected (see Exhibits G).

Plaintiff then filed a BP-9 to defendant Ron Wiley, Warden, asking that certain documents in his file be corrected (see Exhibits AA-BB-CC) on April 24, 07, this appeal was rejected for two reasons, (1) you raise more than one issue/related issue and (2) your requests is untimely. Institutional and CCC requests (BP-09) must be received within/20 days of the event complained about.

This BP-9 appeal was filed April 24, 2007, just (13) days after requesting the documents from BOP employee A. Fenlon on April 11, 2007 and (6) days after receiving the response from the BP-8 by BOP Employee R. Madison on April 18, 2007.

There is **no** time limit concerning maintaining true and accurate Central File Records. Plaintiff only raised **one** issue "**Records Maintained in Central File must be True and Accurate**" and on May 11, 2007, plaintiff appealed to BOP Employee Michael Nalley, Regional Director (via BP-10) on May 17, 2007, it was received at his office. M. Nalley rejected plaintiff's appeal stating the same reason, without even attempting to review its content or facts set forth in it.

Plaintiff then filed his BP-11 to the Central Office of the Bureau of Prisons on June 1, 2007 and received on June 11, 2007. The BOP rejected this appeal the same day stating the following reasons for rejection (1) your request is untimely. Institution and CCC requests (BP-09) must be received w/20 days of the event complained about; and (2) concur with the Institution's Rejection of this Appeal.

So, the facts are, as plaintiff has clearly shown, although plaintiff was not required to exhaust Administrative Remedies, he attempted to do so to give each defendant the opportunity to address, review, correct and maintain accurate files concerning plaintiff. They have failed to do so.

The other BOP employees, Associate Warden Jones, Unit Manager, M. Collins and Executive Assistant/Administrative Remedy Coordinator, I. Garcia, were designated by the BOP to review, familiarize himself/herself with the facts of the complaint and then forward it to the appropriate person. All of plaintiff's Administrative Remedies have been timely. The

defendant's have failed to follow "prerequisites regulations, and policies" under 28 C.F.R. § 541.22 and Privacy Act 5 U.S.C. § 552a.

2.    Claim Two:  Defendants violated procedural Due Process rights conferred by 28 C.F.R. § 541.22, which create a protected Liberty Interest.

Supporting Facts:  Plaintiff was placed in Administrative Detention on August 25, 2005 at USP1 Coleman, Florida.  While in SHU, plaintiff was not given written notice of placement, now was plaintiff subsequently permitted to be heard regarding continued confinement.  Under 28 C.F.R. § 541.22, plaintiff was entitled to (1) receive an "Administrative Detention Order" within 24 hours (2) an initial **formal** review by the Segregation Review Official (SRO) after (7) continuous days (3) and a **formal** SRO review every (30) days (4) staff shall also conduct a psychological assessment (including a personal interview).

Plaintiff was **never** reviewed or assessed by any BOP staff but even more egregious is the fact that when plaintiff requested these documents, they were **all fabricated and falsified** to meet the predicates set forth in 28 C.F.R. § 541.22.  Plaintiff was released on November 22, 2005 for (41) days and then on January 2, 2006 plaintiff was again placed in SHU without an "Administrative Detention Order" or any SRO reviews.  He remained in SHU for a total of (377) days before being transferred to ADX on October 16, 2006.  Not one time during 377 days was plaintiff reviewed, assessed, or allowed any hearings concerning his continued confinement in SHU.

Plaintiff avers that all the documents (see Exhibit CC) have been falsely fabricated and were done so **willfully and intentionally** by BOP staff and Section 541.22 creates a protectable liberty interest under the Due Process Clause of the Fifth Amendment.

3.    Claim Three:  Defendant's violated procedural Due Process rights conferred by the Fourteenth Amendment and the Fifth Amendment.

Supporting facts:  The documents (see Exhibits AA-BB-CC) are **false and inaccurate** and were compiled by BOP staff in retaliation for plaintiff reaching out to Senator Bill Nelson concerning Constitutional violations and the murder of inmate Rick Delano while in SHU.

Plaintiff has requested that each of the defendants review, correct and maintain **true and accurate** current files/records in his Central File and they have all failed to do so.

**Documents:**

**PROGRESS REPORT** (Exhibit AA), compiled by J. Boley, Unit Manager, on June 3, 2006 on page 1 **UNDER - INMATE REVIEWED/SIGNATURE** Boley falsely states "I/M Provided Copy."  Plaintiff was **never** present, **never** reviewed, **never** signed and **never** received the original copy (as BOP policy mandates).

On page 2 **UNDER - INSTITUTIONAL ADJUSTMENT:**  Boley falsely states "Inmate Lynn arrived at USP1 Coleman on August 7, 2001, from USP Florence as a Code 322/step down from a Control Unit transfer."

That statement is completely **FALSE** as plaintiff has **never** been in a Control Unit and was only used by Boley to enhance the retaliation and transfer to ADX Lockdown.  Any BOP Administrator (i.e.:  Regional Director, Warden, Case Manager Coordinator, etc.) reading such a falsehood in considering plaintiffs custody, security, and placement, would no doubt make an **adverse and detrimental** decision concerning him.  Considering a Control Unit is used for the most dangerous and severe cases in the BOP.  For J. Boley to falsely state that plaintiff had been in a Control Unit, when he was actually transferred as a Code 318/to build a population after over ten (10) years of **CLEAR CONDUCT**.

Boley further states, "A SIS investigation which was completed in March of 2006, was completed at USP 1 Coleman. It concluded with the help of co-conspirators inside and outside the institution inmate Lynn was plotting another escape attempt, via helicopter."

This is also false and plaintiff is appealing the **false and fabricated** SIS investigation in a related Civil Action #07-CV-01856-MSK-KLM. Plaintiff avers there were **no** others involved, **no** others given false incident reports, **no** co-conspirators inside or outside of the institution, as there **never** was any plot to escape by anyone, it **never** happened period!

**UNDER - E. INCIDENT REPORTS**: Boley states on September 8, 1994, he was sanctioned for Code 104/Possessing a Weapon. This is **false and inaccurate** as there is no 9-8-94 Incident Report in plaintiffs file. On July 25, 2007, plaintiff made a "Request to Staff Member" (see Exhibit B) to BOP employee A. Fenlon requesting a copy of both the "Transfer Order Code 322/Step Down from a Control Unit and the September 8, 1994 Incident Report for Code 104/Possessing a Weapon and Fenlon's disposition was "There is **no** 9-8-94 I.R. for Code 104, **nor** T.O. from U.S.P. Florence to USP Coleman on file." This proves indisputively that Boley fabricated this information, along with the other false information he compiled to **willfully and intentionally** mislead and deceive other decision makers in the BOP concerning plaintiff's placement in ADX.

J. Boley was also deceptive and furtive when he spoke to plaintiff about his pending transfer stating "What USP do you want to transfer to because the Warden doesn't want you here." When in fact, he had already compiled the 6-03-2006 **false and fabricated** Progress Report asking that plaintiff be placed in the Control Unit at Marion, with Marion being closed plaintiff now sits in 24 hour lockdown in ADX.

10

**GREATER SECURITY REFERRAL** (see Exhibit BB) 05-11-2006-EVAL/RPT.   This document was falsely fabricated by Dexter A. James, Clinical Scientist Officer.

**UNDER - REASON FOR REFERRAL**:  The CMC (Case Manager Coordinator) requested a mental health assessment of this inmate.  **Policy** dictates a mental health assessment accompany the referral when a transfer to USP, Marion/USP ADX is being considered.  Inmate Lynn is being referred for greater security institution.

**UNDER - SOURCES OF INFORMATION**:  Dr. James states, "A clinical interview was also conducted."  This is **false and inaccurate** and there was **never** an interview conducted with plaintiff—not **any** (30) day required assessments or a clinical interview by Dr. James or anyone from the Psychology Department in 377 days.

**UNDER - DEMOGRAPHIC INFORMATION**:  Dr. James states "Inmate Lynn is a 46 year old male."  This is **false and inaccurate** and can be easily ascertained by review of plaintiff's Central File and D.O.B. of 7-17-54.  Plaintiff was actually 52 and had he ever been present at **any** assessment or clinical interview, would have stated so correctly.  Dr. James goes on the state "He was interviewed in segregation.  He appeared in good spirits.  He reports serving (13) years," both of these statements are **false and inaccurate** as plaintiff was never interviewed in segregation and he has been in the BOP for (18) years—clearly proven by review of plaintiffs Central File.  Dr. James next states, "He denies any mental health problems and has never required an MDS code."  This statement is also **false and inaccurate** as plaintiff has **never** spoke to Dr. James.

**UNDER - MENTAL HEALTH HISTORY AND CURRENT STATUS**:  Dr. James states, "The clinical interview revealed his mental status was good/stable.  His personal hygiene and grooming were good.  He was oriented to person, place, and time.  His thinking was clear, lucid,

11

organized, and free of delusions. His mood was enthymic with a congruent, appropriate affect. His sensorium was intact. He denied any current suicidal ideation." **All** of these statements by Dr. James are complete conjecture and **false and inaccurate** as there **never** was a clinical or **any** other interview conducted by Dr. James or anyone from the Psychology Department.

**FINALLY UNDER - CONCLUSIONS**: Dr. James states "There is no mental health reason to preclude the transfer of this inmate to USP, Marion/USP, ADX. If transferred it is likely he will adjust well and not Exhibit any mental health problems.

**ALL** of these **false and inaccurate** statements made by Dr. Dexter A. James in his **Pseudo—Clinical Interview** were designed to **aid and abet** plaintiff's transfer to ADX in direct retaliation for expressing his First Amendment right in contacting Senator Bill Nelson concerning all the Constitutional violations in the SHU at USP 1 Coleman and the SHU staff's involvement in the murder of inmate Rick Delano.

Dexter A. James, being a trained medical professional, was completely and totally derelict of his duties as a clinical scientist to give plaintiff a **"prescription"** for total isolation/solitary confinement for a minimum of (4) years, and most likely many more for filing this Civil Action. This prolonged isolation and restriction of environmental stimulation and social interaction is strikingly toxic to mental functioning producing a stuporous condition associated with perceptual and cognitive impairment and affective disturbances. Even those inmates who are more psychologically resilient inevitably suffer severe psychological pain as a result of such confinement, especially when the confinement is prolonged as ADX. Dr. James in **falsifying and fabricating** this Greater Security Referral has **willfully and intentionally** cause plaintiff to be adversely affected by the determination of other BOP staff who have relied upon

12

this document to place him in continued Administrative Segregation without any procedural Due Process of Law.

Each of the defendants, in failing to maintain **true and accurate** files, concerning plaintiff are also **willfully and intentionally** denying plaintiff procedural Due Process he is due.

**SPECIAL HOUSING REVIEWS**:  (see Exhibits CC)

In each of the Special Housing Reviews conducted by the Segregation Review Official (SRO) Lt. F. C. Thorn or Lt. D. Elliott, respectively.

**UNDER - II RECORD REVIEW**:  To be done weekly in the inmates absence, beginning after the **in person** (7) day review, and continuing every week between each **in person** (30) day review.

**UNDER - III SUBJECT**:  Date inmate appeared for a special housing review; Plaintiff **never** appeared at **any** SRO reviews—not a (7) day and not at **any** of the (30) day required formal reviews.  Plaintiff **never** waived his right to appear at these reviews but was told by Reviewing Authority Captain Oscar Barat, that **all** SRO reviews were done informally and **no** inmates were ever present at them.

**UNDER - IS THERE A WRITTEN PSYCHIATRIC OR PSYCHOLOGICAL ASSESSMENT ON THE INMATE WHO HAS SPENT 30 DAYS IN A SPECIAL HOUSING STATUS; IS THERE AN ADDITIONAL ASSESSMENT FOR EVERY ONE MONTH INTERVAL THEREAFTER?**  Both Lt. F. C. Thorn and Lt. D. Elliott have falsely indicated that plaintiff received each of these required written assessments, which is completely false and have been fabricated to meet the required policy regulations.  Plaintiff was **NEVER** reviewed by interviewed by or assessed by anyone, not the SRO or any member of the Psychology Department.

**UNDER - DID INMATE IN ADMINISTRATIVE DETENTION RECEIVE A WRITTEN COPY OF STAFF'S AND THE BASIS FOR THE FINDING AT EACH 30 DAY REVIEW**? Both Lt. F. C. Thorn and Lt. D. Elliott each state falsely that plaintiff received a written copy of staff's decision. When in fact, plaintiff was **never** present at **any** SRO reviews, was **never** assessed by anyone, and **never** received **any** written copies in (377) days in SHU.

These SRO reviews are **ALL** false and fabricated and have been used to adversely affect plaintiff. Each SRO was done so **willfully and intentionally** by BOP staff in collusion with others to deprive plaintiff of his rights and in direct retaliation for his speaking out to Senator Bill Nelson concerning Constitutional violations and the SHU staff's involvement in the murder of inmate Rick Delano. In violation of Bureau of Prison Policy under 28 C.F.R. § 541.22 and plaintiff's procedural Due Process rights under the Due Process Clause of the Fifth Amendment and the First Amendment right to exercise free speech.

## E. PREVIOUS LAWSUITS

1.      Ron Wiley, Warden ADX

2.      #07-CV-01856-MSK-KLM

3.      Denial of Due Process at disciplinary hearing, false charge, relied upon confidential information without independent determination of reliability or credibility, denial of access to Court, and retaliatory transfer to ADX, Loss of good time credits.

4.      Still Pending

## F. ADMINISTRATIVE RELIEF

Plaintiff has exhausted all Administrative Remedies under BOP Policy.

## G. REQUEST FOR RELIEF

Mandatory injunction transferring Lynn from ADX to a normal prison closer to his family in Florida (preferably USP II Coleman).   Correction of all **False and Fabricated** documents in Lynn's Central File.   Declaratory, punitive, and compensatory damages of $500,000.00 from each Defendant...and any other relief this Court feels is necessary.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the Plaintiff in this action, that I read this complaint, and that the information in this complaint is true and correct.   See 28 U.S.C. § 1746; 18 U.S.C. § 1621.


Executed on _2/11/08_


Richard J. Lynn
# 09748-004
PO Box 8500
Florence, Colorado 81226

## **EXHIBITS**

Richard J. Lynn

      Plaintiff,

v.                                          Civil Action No.: _____

Harley G. Lappin,

Ron Wiley

      Defendants

A.    Request to Staff – A. Fenlon for documents.

B.    Request to Staff – A. Fenlon for 2001 "Transfer Order" and 9/09/94 "Incident Report."

C.    Request to Staff – A. Fenlon to correct **false and inaccurate** documents in Central File.

D.    Administrative Remedy Procedures for inmates.

E.    Program Review Reports – 05/23/07 and 11/14/07.

F.    Administrative Remedies (BP 8 – 9 – 10 – 11) Confiscation of Senate correspondence and legal documents on June 2, 2006.

G.    Administrative Remedies (BP 8 – 9 – 10 – 11).  False and inaccurate records maintained in Central File and used in adverse transfer to ADX.

AA.   False and inaccurate 6/03/06 "Progress Report"

BB.   False and inaccurate "Greater Security Referral"

CC.   False and Fabricated – SRO Reviews

EXHIBIT A

Case 1:08-cv-00418-JDB     Document 1     Filed 03/07/2008     Page 17 of 62

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) F-UNIT – CASE MANAGER FENLON | DATE: 4-11-07 |
|---|---|
| FROM: RICHARD LYNN | REGISTER NO. 09748-004 |
| WORK ASSIGNMENT: ___ | UNIT: F-506 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

I would like to request these documents from my Central File:

(1) All SRO reviews (ie. (3), (7) and (30) day reviews) from August 25, 2005 thru October 16, 2006 or any waivers signed by me required by Section 541.22(c)

(2) All monthly psychiatric or psychological assessments from August 25, 2005 thru October 16, 2006 including any personal interviews required by Section 541.22

(3) "Administrative Detention Orders" for August 25, 2006 and January 2, 2006

(4) Weekly record of (1) hour recreation periods from August 25, 2005 – October 16, 2006

★ Also, is the "Progress Report" dated 6-03-06 compiled by Unit Manager J. Boley and not "reviewed or signed" by me and used to arbitrarily and capriciously transfer me to ADX. There are numerous errors and erroneous information, which has been detrimental and adverse to my placement at ADX. (over)

(Do not write below this line)

DISPOSITION:

Any errors which may exist in the prior progress report can be corrected on the next update.

Copies provided.

08 0418

**FILED**
MAR - 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| Signature Staff Member | Date 4-12-07 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)        This form replaces BP-148.070 dated Oct 86

EXHIBIT 15.

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

INMATE REQUEST TO STAFF MEMBER

DATE 7-25-07

TO: _____
(Name and title of officer)

SUBJECT: State completely but briefly the problem on which you desire assistance, and what you think should be done (Give details).

Sir,

Thank you for the "Transfer Order" but I am requesting the "Transfer Order" from my transfer from USP Florence in August of 2001 to USP Coleman on August 7, 2001 I arrived at USP Coleman — from USP Florence.

(Use other side of page if more space is needed)

I have received a copy of the September 8, 1994 incident report for Code 104/Possessing a weapon — as it was removed from my Central File — but it is still being used in my record, I believe give me a copy of it in my file or my court record/exhibits.

NAME: Richard Lipsor                    No.: C9748-004

Work assignment: _____        Unit: F

NOTE: If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently. You will be interviewed, if necessary, in order to satisfactorily handle your request. Your failure to specifically state your problem may result in no action being taken.

DISPOSITION: (Do not write in this space)         DATE _____

There is no 9-8-94 I.R. for code ___ ___ T.O. from USP Florence to USP Coleman on file.

_____
Officer

08 0418
FILED
MAR _ 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) Fenlon - Case Manager | DATE: 7-31-07 |
|---|---|
| FROM: Richard Lynn | REGISTER NO.: C9748-004 |
| WORK ASSIGNMENT: | UNIT: F |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

Sir, the "Progress Report" of 6-3-06 used in my placement in ADX, in which I was not present, did not review, sign or receive a copy of. It state on Page 2 that I arrived at USP Coleman on Aug 7 2001, from USP Florence as a Code 322/ StepDown from a Control Unit transfer. It also state on Page 3 that I had an Incident Report on Sept 8, 94 for Code 104/ Possessing a weapon. I gave you a copy of it on 4-11-07 requesting this information was "false and inaccurate" and you stated "Any errors which may exist in the prior progress report can be corrected on the next update." That update has come and gone. Now on 7-25-07 you state "There is no 9-8-94 IR for Code 104, no T.O. from USP Florence to USP Coleman on file." Where then did this inaccurate information which has been used in making an adverse determination in my placement in ADX come from? I have no Code 104 nor have I ever been in a Control Unit.

(Do not write below this line)

---

DISPOSITION:

Progress reports are routinely updated every three years. You were properly transferred to ADX Florence based on the referral dated 7-12-2006 from USP Coleman.

08 0418

**FILED**

| Signature Staff Member | Date 8-6-07 | MAR - 7 2008 |
|---|---|---|

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94



(39)



EXHIBIT D



**UNITED STATES PENITENTIARY**
**ADMINISTRATIVE MAXIMUM FACILITY**
**Florence, Colorado 81226**

| | | | |
|---|---|---|---|
| **INSTITUTION SUPPLEMENT** | **Number** | : | **FLM 1330.13G** |
| | **Date** | : | **July 15, 2005** |
| | **Subject** | : | **Administrative Remedy Procedures for Inmates** |

1.  **PURPOSE & SCOPE:** This Institution Supplement establishes procedures for inmates and staff to effect the timely and thorough resolution of inmate complaints and appeals. This Supplement also provides guidelines for the formal presentation of complaints [Form BP-229(13)] should informal resolution procedures be ineffective. Program Statement 1330.13, Administrative Remedy Procedures for Inmates, should be read in conjunction with this Institution Supplement.

2.  **DIRECTIVES AFFECTED:**

    Program Statement 1330.13, Administrative Remedy Procedures for Inmates, dated December 22, 1995.

    TRM 1301.02, SENTRY Administrative Remedy Technical Reference Manual, dated October 3, 1997.

    **Directives Rescinded:**

    *   Institution Supplement FLM 1330.13F, Administrative Remedy Procedures for Inmates, dated April 21, 2003.                                                          *

3.  **ACA STANDARDS REFERENCED:**

    *   American Correctional Association 4th Edition Standards for Adult Correctional Institutions: 4-4248; 4-4284; 4-4446; 4-4492.

08 0418

**FILED**

MAR - 7 2008

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**



4.    **OVERVIEW:**

A.    The Executive Assistant is designated as the Administrative Remedy Coordinator.

He/she will determine whether the complaint/appeal is properly filed and in compliance with the requirements of Program Statement 1330.13. The Coordinator will also review all responses to inmates to ensure <u>compliance</u> with Bureau of Prisons policy. The Warden's Secretary is designated as the Administrative Remedy Clerk and will assist in coordinating and exacting all associated clerical duties, i.e., logging of BP-229(13)'s data entry in SENTRY, corrections, and maintaining accurate and current files.

B.    Upon submission of a Request for Administrative Remedy, the Coordinator will assign a staff member to conduct an impartial review of the issue. This staff member is also responsible for the preparation of a draft response.

The inmate's unit team will generate a receipt for the inmate, which will be forwarded immediately via the institution mail, or hand carried.

C.    All staff assigned to prepare a BP-229(13) response will prepare a draft response which will then be forwarded through the department head to the respective Associate Warden. The Associate Warden will review the response for appropriateness and then forward it on to the Administrative Remedy Coordinator. At that time, the Administrative Remedy Coordinator will determine if Legal Services staff needs to review the response. If necessary, Legal Services will review prior to the final draft being sent to the Warden for his/her signature. Draft responses will be prepared in the format provided (see Attachment 2) and will be routed in hard copy. It is imperative that assigned suspense dates be met. If an extension is necessary for justifiable reasons, such as additional time to review because staff or information is unavailable, it must be approved by the Administrative Remedy Coordinator. The inmate will be notified of any extension in the response time.

D.    After the draft is reviewed and corrected as necessary, it will be submitted to the Warden for approval and signature, and then forwarded to the inmate by the Administrative Remedy Clerk.

5.    **ADMINISTRATIVE REMEDY PROCEDURES:** The ideal and preferred course of action is to resolve inmate complaints through direct interaction with involved staff. Therefore, it is imperative that staff maintain a good interactive relationship with inmates, and respond promptly and professionally to routine, unusual, and urgent requests and issues. Attentiveness to inmate issues and responsiveness to the inmate population will reduce the use of the formal administrative remedy

procedure. In the event that a complaint cannot be resolved via direct interaction, the following guidelines apply:

A.    Inmates should attempt to informally resolve complaints prior to the filing of a formal administrative remedy request. However, as outlined in P.S. 1330.13, pg. 6 (b), if the inmate refuses to attempt informal resolution he will be given a formal request form [(BP-229(13)]. The Administrative Remedy Coordinator will determine if a valid reason existed for bypassing the informal resolution stage. If not, the request will be rejected and returned to the inmate to attempt informal resolution.

B.    Unit Counselors are responsible for issuing the Informal Resolution Form (see Attachment 1) upon inmate request. Ordinarily, only one Informal Resolution form will be issued at a time. This is not meant to impede an inmate's access to the formal review of an issue, but to ensure issues are thoroughly investigated and adequate time is allowed for informal resolution. An exception to this would be if an inmate has a sensitive, medical or problematic issue. Ordinarily, the form will be completed by the inmate within three (3) days of issuance.

C.    The inmate will return the completed Informal Resolution form to his assigned Correctional Counselor, who will document the exact time and date received. The Correctional Counselor will meet with the inmate and attempt to informally resolve the complaint. Ordinarily, unit staff will complete the attempt at informal resolution within three (3) days, excluding weekends and holidays. The Correctional Counselor will then document on the form all attempts and strategies at informal resolution, as well as the current status of the inmate's complaint. He/she will forward this documentation to the Unit Manager.

D.    The Unit Manager will review the Informal Resolution form and familiarize himself/herself with the facts of the complaint. If further efforts at informal resolution are deemed necessary or helpful, the Unit Manager will assist the Correctional Counselor in continued efforts to resolve the complaint. All further efforts and attempts will be documented. If Informal Resolution is not possible, the Unit Manager will sign the completed form and return it to the Correctional Counselor, who may then give the inmate a BP-229(13) form, if he so requests. The inmate must directly request a BP- 229(13) form from his assigned Counselor, and may do so verbally or in writing.

E.    The inmate will return the completed BP-229(13) form to his assigned Counselor. He must submit this completed form to the Counselor within twenty (20) calendar days of the date on which the issue arose. This BP-229(13) will contain only that issue reflected in the Informal Resolution.

Additional issues will result in a final response which addresses <u>only</u> that issue documented on the Informal Resolution form.

F.  Any inmate request for assistance in preparing a Request or an Appeal, as outlined in section 10, page 9 of the Program Statement, must be approved by the Unit Manager.

G.  The Counselor will attach the Informal Resolution form to the completed BP-229(13) and promptly forward this packet to the Administrative Remedy Coordinator.  If a continuation page is necessary, the inmate must provide a copy.  If the inmate wishes to receive a copy of the continuation page back with his response, he must provide an additional copy.  The inmate must submit one copy of supporting exhibits.  Exhibits will not be returned with the response.

6.  **<u>Guidelines for Investigation and Response Preparation</u>**:

The authorized format for response shall follow the outline provided in Attachment 2.

7.  **<u>EFFECTIVE DATE</u>:**  This supplement is effective upon issuance.

8.  **<u>OFFICE OF PRIMARY INTEREST</u>:**  Executive Assistant.

_____          _____
**R. Wiley, Warden**                       **Date**

**DISTRIBUTION:**

**Directives Libraries
All Department Heads
Associate Warden (Programs)
Associate Warden (Operations)
AFGE**

(33

EXHIBIT E

FLMYN                         *          PROGRAM REVIEW REPORT                    *          08-23-2007
PAGE 001                                                                                     10:26:26

INSTITUTION: FLM  FLORENCE ADMAX USP

NAME ......: LYNN, RICHARD JOSEPH                              REG. NO.: 09748-000
RESIDENCE..: TAVERNIER, FL 33070

TYPE OF REVIEW.......: INITIAL CLASSIFICATION/PROGRAM REVIEW
NEXT REVIEW DATE.....: _____

PROJ. RELEASE DATE..: UNKNOWN                    RELEASE METHOD.: LIFE
PAROLE HEARING DATE.: NONE                       HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW: ___11-07___         DETAINERS (Y/N): N

CIM STATUS (Y/N)....: Y          None.           IF YES, RECONCILED (Y/N): _____

PENDING CHARGES.....: ___None.___

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B)  (Y/N)....:
    IF YES - CIRCLE ONE - DRUG TRAFFICKING/CURRENT VIOLENCE/PAST VIOLENCE

CATEGORY          - - - - - CURRENT ASSIGNMENT - - - - - - -      EFF DATE     TIME

CMA        PROG RPT       NEXT PROGRESS REPORT DUE DATE          06-03-2009    1424
CMA        RPP NEEDS      RELEASE PREP PGM NEEDS                 04-30-1998    1327
CMA        V94 CDB913     V94 CURR DRG TRAF BEFORE 91394         02-08-1996    0039
CUS        MAX            MAXIMUM CUSTODY                        10-09-1991    1513
DRG        DRG I NONE     NO DRUG INTERVIEW REQUIRED             03-17-1994    1237
EDI        ESL HAS        ENGLISH PROFICIENT                     09-24-1991    0402
EDI        GED HAS        COMPLETED GED OR HS DIPLOMA            02-11-1993    0029
FRP        COMPLT         FINANC RESP-COMPLETED                  01-29-2004    1422
LEV        HIGH           SECURITY CLASSIFICATION HIGH           10-09-1991    0511
MDS        REG DUTY       NO MEDICAL RESTR--REGULAR DUTY         05-19-2004    1108
MDS        YES F/S        CLEARED FOR FOOD SERVICE               05-18-2004    1108
QTR        F05-106L       HOUSE F/RANGE 05/BED 106L              03-28-2007    0729
RLG        OTHER          OTHER RELIGION                         10-29-1998    1455
WRK        UNASSGN        UNASSIGNED                             11-02-2006    1028

WORK PERFORMANCE RATING: ___Inmate is unassign.___

_____

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW: ___Maint. cl. c. d___

_____

_____

FRP PLAN/PROGRESS:  TRUST FUND DEPOSITS PAST 6 MO: $ Complete

FRP PAYMENTS PAST 6 MO: $ _____    OBLG BALANCE: $ _____

CURRENT FRP PLAN: $ _____    PAYMENTS COMMENSURATE: YES ___ / NO      08 0418

IF NO, NEW PAYMENT PLAN: _____

_____

_____

**FILED**

MAR - 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(54)

```
TIMEN                        PROGRAM REVIEW REPORT              05-23-2007
PAGE 002                                                        10:28:26
```

RELEASE PREPARATION PARTICIPATION: _Rel. dat. ?? mo._
_prior to rel._

CCC RECOMMENDATION: _Not elig. for consid_

PROGRESS MADE SINCE LAST REVIEW: _Completed one Ack and_
_recreated 5 times weekly._

GOALS FOR NEXT PROGRAM REVIEW MEETING: _Complete Physics II_
_and recreate at least_
_5 times weekly._

LONG TERM GOALS: _Complete two Ack's_
_by 05-08._

OTHER INMATE REQUESTS/TEAM ACTIONS: _Discussed accuracy_
_of Project and transfer to_
_ADX Florence._

(35)

PLMFN
PAGE 003 OF 003                PROGRAM REVIEW REPORT              *        05-23-2001
                                                                          10:28:2?

SIGNATURES:

CHAIRPERSON: _____  INMATE: _____

     DATE: ___5- 24 - 07_____              DATE: ____5- 24 - 07_____

```
FLYNN                          PROGRAM REVIEW REPORT              *      11-14-2007
PAGE 001                                                                 11:07:43
```

INSTITUTION: FLM  FLORENCE ADMAX USP

NAME.......: LYNN, RICHARD JOSEPH                    REG. NO.: 09748-004
RESIDENCE..: TAVERNIER, FL 33070

TYPE OF REVIEW.......: INITIAL CLASSIFICATION/PROGRAM REVIEW
NEXT REVIEW DATE....:  05-08

PROJ. RELEASE DATE..: UNKNOWN                  RELEASE METHOD.: LIFE
PAROLE HEARING DATE.. NONE                     HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW:  11-08              DETAINERS (Y/N): N

CIM STATUS (Y/N)....: Y              IF YES, RECONCILED (Y/N): _____

PENDING CHARGES.... _____ None _____

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B)  (Y/N)....:
    IF YES - CIRCLE ONE - DRUG TRAFFICKING/CURRENT VIOLENCE/PAST VIOLENCE

| CATEGORY | CURRENT ASSIGNMENT | | EFF DATE | TIME |
|---|---|---|---|---|
| CMA | PROG RPT | NEXT PROGRESS REPORT DUE DATE | 06-03-2009 | 1424 |
| CMA | RPP NEEDS | RELEASE PREP PGM NEEDS | 04-30-1998 | 1327 |
| CMA | V94 CDB913 | V94 CURR DRG TRAF BEFORE 91394 | 02-08-1996 | 0839 |
| CUS | MAX | MAXIMUM CUSTODY | 10-09-1991 | 1613 |
| DRG | DRG I NONE | NO DRUG INTERVIEW REQUIRED | 03-17-1994 | 1337 |
| EDI | ESL HAS | ENGLISH PROFICIENT | 09-24-1991 | 0802 |
| EDI | GED HAS | COMPLETED GED OR HS DIPLOMA | 02-11-1993 | 0929 |
| FRP | COMPLT | FINANC RESP-COMPLETED | 01-29-2004 | 1422 |
| LEV | HIGH | SECURITY CLASSIFICATION HIGH | 10-09-1991 | 1511 |
| MDS | REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 05-19-2004 | 1309 |
| MDS | YES F/S | CLEARED FOR FOOD SERVICE | 05-18-2004 | 1308 |
| QTR | F05-108L | HOUSE F/RANGE 05/BED 108L | 10-16-2007 | 1052 |
| RLG | OTHER | OTHER RELIGION | 10-29-1999 | 1855 |
| WRK | UNASSGN | UNASSIGNED | 11-02-2006 | 1528 |

WORK PERFORMANCE RATING: _____ Inmate _____ Unassgn. _____

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW: _____ Maint. Cl. Cond. _____

FRP PLAN/PROGRESS:  TRUST FUND DEPOSITS PAST 6 MO: $ Complete

FRP PAYMENTS PAST 6 MO:  $ _____    OBLG BALANCE: $ _____

CURRENT FRP PLAN: $ _____    PAYMENTS COMMENSURATE: YES ____ / NO ____

IF NO, NEW PAYMENT PLAN: _____

FLMIN
PAGE 172

PROGRAM REVIEW REPORT

11-14-2___

RELEASE PREPARATION PARTICIPATION: _____

_____

GCC RECOMMENDATION: _____

PROGRESS MADE SINCE LAST REVIEW: _____

GOALS FOR NEXT PROGRAM REVIEW MEETING: _____

LONG TERM GOALS: _____

OTHER INMATE REQUESTS/TEAM ACTIONS: _____

FEMIN
PAGE 003 OF 003                    PROGRAM ANNUAL REPORT                    11-14-20
11:17:43

SIGNATURES:

CHAIRPERSON: _____    INMATE: _____

      DATE: ___11-23-07___              DATE: ___1-23-07___

```
RICHARD JOSEPH LYNN, 09748-004
FLORENCE ADMAX USP    UNT: F    QTR: F05-105L
PO BOX 8500
FLORENCE,  CO 81226
```

08 0418

**FILED**

MAR - 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



NOTICE TO INMATE: BUREAU OF PRISONS PROGRAM STATEMENT 1330.13 REQUIRES THAT EXCEPT AS PROVIDED IN 542.13(B) AN INMATE SHALL FIRST PRESENT AN ISSUE OF CONCERN INFORMALLY TO STAFF AND STAFF SHALL INFORMALLY ATTEMPT TO RESOLVE THE ISSUE PRIOR TO SUBMITTING A BP-9. A SEPARATE FORM MUST BE USED FOR EACH ISSUE.

STAFF CIRCLE ONE:

INFORMALLY RESOLVED    NOT INFORMALLY

RESOLVED

UNIT MANAGER'S REVIEW

DISTRIBUTION BY CORRECTIONAL COUNSELOR

FCC COLEMAN

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Admin Remedy Number:** 427796-R2

This is in response to your Regional Administrative Remedy Appeal received in this office on December 13, 2006, wherein you claim you are missing legal papers which were confiscated from your attorney. For relief, you request that someone be held accountable for acting above the laws of our Constitution.

We have reviewed your appeal and the Warden's response dated October 26, 2006. We have discussed your claims with staff who advised us that you provided your attorney with legal papers during a legal visit. Staff contacted your attorney as he was departing the institution and explained the procedures for receiving legal mail from you. The paperwork was confiscated and returned to your property. You do not have any additional property, legal or otherwise, stored in the SIS Department. Pursuant to 28 CFR Part 543, Subpart C, any claim for monetary damages for damage to or loss of property must be filed under the Federal Tort Claims Act.

Based on the above information, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, D.C. 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

2/7/07
Date

Michael K. Nalley, Regional Director

U.S. Department of Justice                               Central Office Administrative Remedy Appeal
Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: __LYNN RICHARD J.__   ___C9748-004___   ___F___   __ADX FLORENCE Co.__
        LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.        UNIT          INSTITUTION

## Part A - REASON FOR APPEAL

(See attachment)

__2-19-07__                                              _Richard J. Lynn_
    DATE                                              SIGNATURE OF REQUESTER

## Part B - RESPONSE

RECEIVED

Administrative Remedy Section
Federal Bureau of Prisons

_____                    _____
        DATE                                    GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                        CASE NUMBER: _43774 A1_

## Part C - RECEIPT

                                                  CASE NUMBER: **08 0418**

Return to: _____                      **FILED**
            LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.      UNIT

SUBJECT: _____                        MAR - 7 2008

_____           ✪           _____
        DATE                            SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

(39)                                              NANCY MAYER WHITTINGTON, CLERK
                                                  U.S. DISTRICT COURT

This is an appeal of #427796-R2 Regional Remedy, which is to a Federal Tort claim I've filed. My standing is "not on payment for the lost destruction of my 'legal papers', rather that someone be held accountable for the Constitutional violations which have occurred. The SIS (Lt. Cox and others) misconduct have violated my Constitutional Right to access the courts and hindered my ability to appeal a fraudulent charge he fabricated. The facts are undisputed - My 'legal papers' were confiscated by Cox and others on June 2, 2006 from my attorney and were never returned to me or my property. Policy states mandatory regulations and procedure which the BOP and its employees must adhere to regarding inmates legal/personal property. It states that anytime legal/personal property is placed into or taken out of an inmates property a Form 4C must be filled out and kept on file to document items. Instead, when I requested my 'legal papers' SIS Cox claimed there was an "ongoing investigation" and that when this Pseudo-Ongoing investigation was over, I would receive my legal papers. This never happened! For relief, I am requesting the Form 4C's documenting the placement (by Lt. Cox or any other SIS officer) of my 'legal papers' into my institutional property while in SHU and signed by the property officer Mule (or any officer allowing Cox) I would also ask for documentation of the Pseudo-"Ongoing" investigation which supposedly took place after the original investigation was completed on April 5, 2006 (i) Lockup order, Periodic hearings of the Segregation Review Board (SRB), and any Psychiatric assessment, including a general intake) BOP officials have a duty to follow policies, as it is only

**Administrative Remedy Number 427796-A1**
**Part B - Response**

You contend legal material you attempted to give your attorney during visitation was confiscated from the attorney and not returned to you.

Our review of this matter reveals both the Warden and Regional Director have adequately addressed your concerns. You attempted to give your attorney legal papers during a visit. The attorney gave these papers to staff when he was advised he could not accept papers from you in that fashion. These papers were returned to your stored personal property. No items of your personal property, legal or otherwise, are in the possession of staff.

This response is for informational purposes only.

_Mar. 2, 2007_                    _Harrell Watts_
Date                              Harrell Watts, Administrator
                                  National Inmate Appeals

BP-X (C) (TWIC)(B)

FLM 1330.13f
Attachment 1

## USP ADMINISTRATIVE MAXIMUM
## FLORENCE, COLORADO
### INFORMAL RESOLUTION FORM

Inmate Name: RICHARD LYNN     Reg. No. 09748-004
Unit: F                       Date: 4/11/07

**NOTICE TO INMATE**: You are advised that normally prior to filing a Request for Administrative Remedy, (BP-DIR-13), you **must** attempt to informally resolve your complaint through your Correctional Counselor. Please follow the three steps listed below:

1. State your complaint: I have requested the following documents from my Central File or any BOP File. These documents are required under 28 C.F.R. § 541.22 and I have never waived my rights to any of them. A list of the requested documents is attached.

(If more space is needed, you may use up to one letter size (8 1/2 x 11) continuation page. You must also submit one copy of supporting exhibits. (Exhibits will not be returned with the response to BP-229(13) responses.))

2. State what actions you have made to informally resolve your complaint: I have given a "Request to Staff" to case manager Fenlon requesting that I be given a copy of these documents and received some falsified SRO's as I was never given written copies of the SRO or Psychiatric & psychological assessments I never had. My reviews that I was interviewed personally.

3. State what resolution you expect: To be given copies of the requested documents and that the 06-03-06 "Progress Report" be corrected and a corrected and signed copy be sent to the Regional Directors.

Inmate's Signature: Richard Lynn     Date: 4-17-07

**Correctional Counselor's Comments (Steps to Resolve):** A review of your complaint has been conducted. The documents you requested were given to you by your Unit Team. SRO review are conducted by Correctional Service staff in accordance with policy. Your Unit team recommends you contact Correctional Services if you have questions regarding your SRO review.

08-0418

**FILED**

MAR - 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Counselor's Signature: _____     Date: 4/18/07
Unit Manager's Review: _____     Date: 4-19-07
Informally Resolved:                        Date: _____

|            | BP-8 ISSUED | BP-8 RETURNED | BP-9 ISSUED | BP-9 RETURNED | EXECUTIVE STAFF |
|------------|-------------|---------------|-------------|---------------|-----------------|
| DATE       | 4/11/07     | 4/18/07       | 4/19/07     |               |                 |
| TIME       | 1105        | 0625          | 1650        |               |                 |
| COUNSELOR  | an          | an            | an          |               |                 |

(3)

BP-8 (Cont.)                                                4-17-07

All the SRO's I received from Mr. Fenlon on 4-16-07 have been falsified and are inaccurate. Not once during 377 days I spent in Administrative Detention did I appear at a (3)(7) or (30) day SRO review. I was told the SRO's were held "informally" and the inmate did not appear. I never waived the right to appear. These falsified SRO's are a violation of 28 CFR § 541.22 as it states "The inmate appears before the SRO at the hearing unless the inmate waives the right to appear."

The "Progress Report" of 06-03-06 compiled by J. Boley, unit mgr. and used to transfer me to ADX is full of errors and erroneous information that has been detrimental in adversely placing me in ADX. This false information can be checked by looking in my Central File.

The "Greater Security Referral" of 05-11-06 compiled by Dexter A. James, Psy. D, Clinical Scientist Officer, as a referral to transfer me to ADX is completely false — the only accurate statement he got right was my name. I never had a personal interview with Mr. Dexter James and all the errors in his referral can be proved inaccurate by comparing them to my Central File information.

These inaccurate documents were used in my placement at ADX and by remaining uncorrected in my file violates the Privacy Act, 5 USC § 552a (e)(5) and (g)(1)(c), by failing to amend and correct these inaccuracies in my file under § 552a(d) and (g)(1)(A). I ask that these documents be corrected and a true and accurate copy be sent to each of the Regional Directors, along with the falsified copy to be compared and evaluated.

(4)

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | LYNN  RICHARD  T. | 09748-064 | F | ADX |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST** THE 4-17-07 REQUEST TO HAVE CERTAIN DOCUMENTS WITHIN MY CENTRAL FILE CORRECTED, AS THEY HAVE BEEN FALSIFIED AND ARE NOT "TRUE AND ACCURATE" RECORDS. THESE FALSE DOCUMENTS WERE USED "ARBITRARILY AND CAPRICIOUSLY" IN MY PLACEMENT IN ADX. SRO's REQUESTED ARE INACCURATE AND HAVE BEEN FALSIFIED. I WAS HELD IN ADMINISTRATIVE DETENTION FROM AUGUST 25, 2005 THRU OCTOBER 16, 2006 IN USP1 COLEMAN. DURING A TOTAL OF 377 DAYS IN SHU I NEVER ONCE APPEARED AT A (3)(7) OR (30) DAY SRO REVIEW, NOR DID I WAIVE OR REFUSE ANY OF WHEN I INQUIRED TO CAPTAIN OSCAR BARAT AND LT. F.C. THORN, I WAS TOLD BY BOTH OF THEM THAT SHU REVIEWS WERE HELD "INFORMALLY" AND NO INMATES WERE PRESENT AT THEM. NOW, I REQUEST THESE SRO's AND THEY FALSELY STATE THAT I WAS PRESENT AND THAT I ALSO RECEIVED A WRITTEN COPY, WHICH IS UNTRUE, AS I NEVER HAD, NOT ONE SRO REVIEW. THESE FALSIFIED SRO's ALSO STATE THAT I RECEIVED (30) DAY PSYCHIATRIC + PSYCHOLOGY ASSESSMENTS, INCLUDING A PERSONAL INTERVIEW WHICH IS ALSO FALSE, AS I NEVER WAS ASSESSED, NOR DID I EVER HAVE A PERSONAL INTERVIEW FROM ANYONE FROM THE PSYCHOLOGY DEPARTMENT, AS REQUIRED PURSUANT TO SECTION 28CFR§541.22(C) THE MOST DAMAGING FALSE AND INACCURATE DOCUMENTS WITHIN MY CENTRAL FILE ARE THE "PROGRESS REPORT" OF 6-03-06 COMPILED BY J. BOLEY UNIT MANAGER AND THE "GREATER SECURITY REFERRAL" OF 5-11-06 COMPILED BY DEXTER A. JAMES, PSY.D. CLINICAL SCIENTIST

| 4-24-07 | (SEE ATTACHED) | Richard T. Lynn |
|---|---|---|
| DATE | | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

MAY 02 2007

Issued: 4/19/07

R. Madison, Correctional Counselor

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**    CASE NUMBER: 451438-F

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| | | |
|---|---|---|
| DATE | | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

USP LVN

BP-229(13)
APRIL 1982

BP-9 (CONTINUED: (EXHIBIT B) - DR. JAMES "CREATER SECURITY REFERRAL"
AND CRUCIAL IN DETERMINING MY PLACEMENT IN ADX. IN J. BOLEY'S 6-03-06
"PROGRESS REPORT" THERE ARE NUMEROUS ERRORS AND ERRONEOUS FALSEHOODS
WHICH HAVE BEEN DETRIMENTAL AND ADVERSE TO ME AND DENIED PROCEDURAL
DUE PROCESS OF LAW. ON PAGE 2 "INSTITUTIONAL ADJUSTMENT" BOLEY STATES
"INMATE LYNN ARRIVED AT USP1 COLEMAN ON AUGUST 7, 2001 FROM USP FLORENCE
AS A CODE 322/STEPDOWN FROM A CONTROL UNIT TRANSFER" THIS IS FALSE—
I HAVE NEVER BEEN IN A CONTROL UNIT AND WAS ONLY TRANSFERRED VIA
CODE 318/TO BUILD A POPULATION—AFTER 8 YEARS OF CLEAR CONDUCT.
I WAS NOT PRESENT, NOR DID I SIGN OR RECEIVE A COPY OF THIS REPORT
AS REQUIRED BY POLICY. BOLEY ALSO STATES "LYNN WAS PLOTTING ANOTHER
ESCAPE ATTEMPT, VIA HELICOPTER WITH CO-CONSPIRATORS INSIDE AND OUTSIDE
THE INSTITUTION" THIS IS FALSE AND IS ANOTHER CIVIL APPEAL—WHERE ARE
THE ALLEGED CO-CONSPIRATORS? I WAS THE ONLY PERSON FALSELY ACCUSED
ON PAGE 3 E. INCIDENT REPORTS IT STATES A CODE 104/POSSESSING A
WEAPON ON SEPT. 8 1994—THIS IS FALSE—I HAVE NO SUCH INCIDENT—IF SO
PLEASE GIVE ME A COPY OF THIS INCIDENT REPORT.
 IN DR. JAMES "GREATER SECURITY REFERRAL" THE ENTIRE DOCUMENT IS
FALSE—THE ONLY ACCURATE THING ON IT IS MY NAME AND NUMBER. I
NEVER SPOKE TO OR HAD AN INTERVIEW WITH DR. JAMES. ALL OF THE
INFORMATION THAT I AM CLAIMING FALSE AND INACCURATE CAN BE EASILY
CORRECTED BY LOOKING IN MY CENTRAL FILE. J. BOLEY AND DR. JAMES HAVE
BOTH BEEN DECEPTIVE AND MISLEADING COMPILING FALSE DOCUMENTS
WHICH HAVE CAUSED ME "ATYPICAL AND SIGNIFICANT HARDSHIP" BY NOT
FOLLOWING CERTAIN PREREQUISITES AND PROCEDURES INTENDED TO
PROTECT MY PROCEDURAL DUE PROCESS RIGHTS.
HERE, I AM SHOWING CLEAR VIOLATIONS OF 28 USC §541.22 (IE. NO DETENTION
ORDER—NO SRO REVIEW—NO PSYCHOLOGICAL OR PSYCHIATRIC ASSESSMENTS
NO (5) HOURS RECREATION PER WEEK—NO ACCESS TO LAW LIBRARY (FOR 377 DAY)
ALONG WITH THE INTERJECTION OF FALSE AND INACCURATE DOCUMENTS
WHICH CUMMULATIVELY USED TO "ARBITRARILY AND CAPRICIOUSLY"
PLACE ME AT ADX, HAVE DENIED ME ANY DUE PROCESS AND VIOLATED
CLEARLY ESTABLISHED STATUTORY AND CONSTITUTIONAL RIGHTS.
 AS THE INJURIOUS AFFECT OF USING THE FALSE DOCUMENTS TO
TRANSFER ME TO ADX HAS LONG BEEN DONE BUT I WOULD STILL
REQUEST A "TRUE AND ACCURATE" COPY OF THESE DOCUMENTS
BE SENT TO EACH REGIONAL DIRECTOR, WHO MADE THE DECISION
TO PLACE ME IN ADX AFTER REVIEWING FALSE DOCUMENTS.
KEEPING AND USING INACCURATE INFORMATION IN MY CENTRAL FILE
VIOLATES THE PRIVACY ACT 5 USC §552a(e)(5) AND (g)(1)(C) BY FAILING TO
AMEND AND CORRECT THESE INACCURACIES UNDER 552a(d) AND
(g)(1)(A).

(6)

RSP OF: COP COLEMAN I USP
     846 NE 54TH TERRACE
     COLEMAN, FL 33521
     352 689-6000

US DEPARTMENT OF JUSTICE BUREAU OF PRISONS

NAME: LYNN, RICHARD JOSEPH       REGNO: 09748-004 AGE(DOB): 51/07-19-1954

| INMATE REVIEWED/SIGNATURE | DATE | STAFF SIGNATURE |
|---|---|---|
| I/M Provided Copy | 6/8/06 | X Boley |

TYPE OF PROGRESS REPORT:
INITIAL ____ SIH ____ TRIENNIAL ____ PRE-RELEASE ____ TRANSFER XXX OTHER: ____

PRESENT SECURITY/CUSTODY LEVEL:
  HIGH   /MAX

OFFENSE/VIOLATOR OFFENSE:
SENTENCE IMPOSED AND TERM OF SUPERVISION:

  CT 3 - CONSP TO IMPRT SCH II CNTRLD SUBSTANCE (COCAINE) - T21:
  963; CT 4 - CONSP PWITD & TO DIST COCAINE & MARIJUANA - T21:
  846; CTS 10 & 12 - IMPORTATION OF SCH II CNTRLD SUBSTANCE
  (COCAINE) - T21:952; CTS 11 & 13 - PWITD & DIST COCAINE - T21:
  841(A)(1)
  LIFE                /   10 YEARS

  CONSP TO IMPRT A CNTRLD SUBSTANCE - T21:963
    120 MONTHS           /   10 YEARS

DATE COMPUTATION BEGAN: 12-15-1989

| DAYS FSGT/WSGT/DGCT: | DAYS GCT OR EGT/SGT: | MONTHS SERVED: |
|---|---|---|
| 0 /0 /0 | 0 | + JAIL CREDIT - INOP TIME<br>M:   197 D: 20<br>+ 223   JC - 154   INOP |

OFFENSE/VIOLATOR OFFENSE:
SENTENCE IMPOSED AND TERM OF SUPERVISION:

  CT 9 - IMPORTATION OF SCHEDULE II CONTROLLED SUBSTANCE - T21:
  952
  LIFE                /   10 YEARS

DATE COMPUTATION BEGAN: 12-15-1989

| DAYS FSGT/WSGT/DGCT: | DAYS GCT OR EGT/SGT: | MONTHS SERVED: |
|---|---|---|
| 0 /0 /0 | 370 / 0 | + JAIL CREDIT - INOP TIME<br>M:   197 D: 20<br>+ 223   JC - 154   INOP |

| PROJECTED RELEASE DATE: UNKNOWN | PROJECTED RELEASE METHOD: LIFE |
|---|---|

DETAINERS/PENDING CHARGES:
NONE ON FILE

CO-DEFENDANTS: N/A

DISTRIBUTION: ORIGINAL TO INMATE, COPY TO USPO, COPY TO USPC
              CENTRAL FILE - SECTION TWO

BP-CLASS-3

------------------------------ INSTITUTIONAL ADJUSTMENT ------------------------------
Inmate Lynn arrived at USP-1 Coleman on August 7, 2001, from USP Florence as a Code 322/Step Down From a Control Unit transfer① On March 27, 1990, inmate Lynn and another inmate escaped from FCI Talladega. In February of 1993, inmate Lynn and some other co-conspirators were planning to escape from USP Terre Haute, via helicopter. This plan was intervened and inmate Lynn was subsequently transferred to USP Florence. A SIS investigation which was completed in March of 2006, was completed at USP-1 Coleman. It concluded with the help of co-conspirators inside and outside the institution inmate Lynn was plotting another escape attempt, via helicopter② Inmate Lynn is being referred to the control unit at USP Marion. Its apparent he warrants more security than an USP can provide. On May 17, 2006, he was sanctioned by the DHO for his escape plot. His program participation at USP-1 Coleman has been excellent. He has completed several programs in education and the wellness center. His interactions with staff and his fellow have appeared to be positive.

A.  PROGRAM PLAN: At the initial and subsequent program reviews inmate Lynn has been encouraged to participate in the following programs: Inmate Financial③ Responsibility; Vocational Training; Adult Continuing Education; psychology Services; Release Preparation; and to utilize the Wellness Center.
④
B.  WORK ASSIGNMENTS: Due to inmate Lynn currently being housed in Administrative Detention, his job assignment is unassigned. In the past he has been rated as a good worker. He makes fewer mistakes than inmates at the same level. He learns rapidly and instructions normally don't have to be repeated to him.

| INST | WORK ASSIGNMENT | | START DATE | STOP DATE |
|------|------|------|------|------|
| COP | UNASSG/DS | UNASSIGNED - DISCIPLINARY SEG | 05-21-2006 | CURRENT |
| COP | UNASSG/AD | UNASSIGNED - ADMIN DETENTION | 01-03-2006 | 05-21-2006 |
| COP | COMPD N-PM | COMPOUND ORDERLY PM NORTH YARD | 12-01-2005 | 01-03-2006 |
| COP | UNASSG/AD | UNASSIGNED- ADMIN DETENTION | 08-25-2005 | 11-23-2005 |
| COP | UPH 10 | UNICOR - UPH 10 | 05-20-2004 | 08-25-2005 |
| COP | UNASSG/AD | UNASSIGNED- ADMIN DETENTION | 05-18-2004 | 05-20-2004 |
| SPG | MED UNASSG | MEDICALLY UNASSIGNED | 05-10-2004 | 05-18-2004 |
| SPG | ADM DET | ADMINISTRATIVE DETENTION | 03-11-2004 | 05-10-2004 |
| SPG | ADM DET | ADMINISTRATIVE DETENTION | 02-18-2004 | 03-11-2004 |
| SPG | MED UNASSG | MEDICALLY UNASSIGNED | 02-18-2004 | 02-18-2004 |
| COP | UPH 10 | UNICOR - UPH 10 | 12-09-2003 | 02-18-2004 |

C.  EDUCATIONAL/VOCATIONAL PARTICIPATION: Inmate Lynn has completed one vocational training course and several wellness center programs.

----------------------- EDUCATION INFORMATION ----------------------------

| FACL | ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|------|------|------|------|------|
| COP | ESL HAS | ENGLISH PROFICIENT | 09-24-1991 0802 | CURRENT |
| COP | GED HAS | COMPLETED GED OR HS DIPLOMA | 02-11-1993 0929 | CURRENT |

----------------------------- EDUCATION COURSES ----------------------------

| SUB-FACL | DESCRIPTION | START DATE | STOP DATE | EVNT | AC | LV | HRS |
|------|------|------|------|------|------|------|------|
| COP | RPP5 RELEASE REQUIREMENT CLASS | 09-28-2005 | 09-28-2005 | P | C | P | 1 |
| COP | HATHA YOGA CLASS | 06-01-2005 | 07-27-2005 | P | C | P | 3 |
| COP | HATHA YOGA CLASS | 03-27-2005 | 05-23-2005 | P | C | P | 2 |
| COP | HATHA YOGA CLASS | 01-07-2005 | 03-19-2005 | P | C | P | 3 |
| COP | HATHA YOGA CLASS | 10-10-2004 | 12-10-2004 | P | C | P | 3 |
| COP | ADVANCED YOGA CLASS | 06-02-2004 | 07-31-2004 | P | C | P | 3 |
| COP | MICROSOFT OFFICE AM | 04-20-2004 | 07-23-2004 | P | C | C | 171 |
| COP | ADV STP AEROB M/W/F 1830-1930 | 07-09-2003 | 09-22-2003 | P | C | P | 8 |

⑧

```
----------------------------- HIGH TEST SCORES -----------------------------
TEST            SUBTEST        SCORE     TEST DATE       TEST FACL   FORM    STATE
ABLE            LANGUAGE       13.0      01-29-1990      TAL
                NUMBER OPR     12.7      01-29-1990      TAL
                PROB SOLV      13.0      01-29-1990      TAL
                READ COMP      13.0      01-29-1990      TAL
                SPELLING        8.5      01-29-1990      TAL
                VOCABULARY     13.0      01-29-1990      TAL
```

D. COUNSELING PROGRAMS: Inmate Lynn has not completed any counseling programs. He is not required to receive a drug interview.

E. INCIDENT REPORTS: The below-listed incident report has been the only sanction inmate Lynn has received in the past eleven years. On September 8, 1994, he was sanctioned for Code 104/Possessing a Weapon; on February 3, 1993, he was sanctioned for Code 102/Escape; and on November 12, 1991, he was sanctioned for Code 102/Escape.

```
----------------------------------------------------------------------------
DHO HEARING DATE/TIME: 05-17-2006 1010     INCIDENT DATE/TIME: 09-15-2005 1430
   102A ESCAPING-SECURE CUST/VIOLENCE - FREQ: 1
        DIS GCT       / 40 DAYS / CS
        COMP:020 LAW:S
        DS          / 60 DAYS / CS
        COMP:    LAW:
        TRANSFER    / CS
        COMP:    LAW:    DHO RECOMMENDS A DISCIPLINARY TRANSFER
```

F. INSTITUTIONAL MOVEMENT:

```
INSTITUTION     ASSIGNMENT     REASON FOR MOVEMENT            EFFECTIVE DATE
COP  CODE       A-DES          TRANSFER RECEIVED             05-18-2004
SPG  MS         A-DES          OTHER AUTH ABSENCE RETURN     03-11-2004
SPG  MS         A-DES          TRANSFER RECEIVED             02-18-2004
COP             A-DES          OTHER AUTH ABSENCE RETURN     12-09-2003
```

G. PHYSICAL AND MENTAL HEALTH: Inmate Lynn is rated with Care 2 level health. He has no medical restrictions and he is cleared for Food Service work. There is no mental health issues to note.

H. PROGRESS ON FINANCIAL RESPONSIBILITY PLAN: He paid $25.00 toward his Felony Court Assessments and now the remaining $325.00 balance has expired. He had a $2,5000.000.00 Fine that was completed.

```
FRP ASSIGNMENT                                START DATE
COMPLT          FINANC RESP-COMPLETED         01-29-2004
```

I. RELEASE PREPARATION PROGRAM & RELEASE PLANS: Due to inmate Lynn having a life sentence he is not eligible to participate in this program.

```
CMA ASSIGNMENT (REL PREP)                        START DATE
RPP NEEDS           RELEASE PREP PGM NEEDS        04-30-1998
```

PRE-RELEASE PREP DATE: <u>N/A</u>

RESIDENCE: To be secured at a later time.

EMPLOYMENT: To be secured at a later time.

```
USPO: Kenneth G. Coale                  USPO: Gary Mann
Chief USPO                              Chief USPO
United States District Court            United States District Court
Post Office Box 2985                    Lamar Life Building
Mobile, AL 36652                        Suite 200
(251)441-6800                           317 East Capitol St.
                                        Jackson, MS 39201
                                        (601)965-4447
```

J. RELEASE NOTIFICATIONS:

OFFENDER IS SUBJECT TO RELEASE NOTIFICATION PROVISIONS UNDER 18 USC 4042(B) DUE TO:
   CURRENT CONVICTION FOR A DRUG TRAFFICKING OFFENSE

   18 USC 4042(B) NOTIFICATIONS APPLY TO INMATES RELEASING TO THE COMMUNITY WITH SUPERVISION

IS OFFENDER SUBJECT TO RELEASE NOTIFICATION PROVISIONS UNDER 18 USC 4042© DUE TO A CONVICTION FOR CERTAIN SEXUAL OFFENSES.

   ( ) YES   (XX) NO

   18 USC 4042© NOTIFICATIONS APPLY TO INMATES RELEASING TO THE COMMUNITY

DNA TEST STATUS: NEED

   DNA TESTING APPLIES TO INMATES WITH A QUALIFYING OFFENSE

DICTATED BY: _____   CASE MANAGER (DATE)   6/3/06
             SHU CASE MANAGER BOLEY X6118

DATE TYPED: <u>June 3, 2006</u>

REVIEWED BY: _____   UNIT MANAGER (DATE)   6/3/06
             SHU/UNT MGR J. BOLEY X6118

*FALSE AND INACCURATE INFORMATION UNDERLINED*

**SENSITIVE BUT UNCLASSIFIED**



# Federal Bureau of Prisons
# Psychology Data System

**Date-Title:** 05-11-2006 - Eval/Rpt - Greater Security Referral

**Reg Number-Name:** 09748-004 - LYNN, RICHARD J.   **Unit/Qtrs:** F, F05-105L

**Author:** DEXTER A. JAMES, Psy.D, CLINICAL SCIENTIST OFFICER

**Institution:** COP - COLEMAN I USP

---

**Reason for Referral:** The CMC requested a mental health assessment of this inmate. Policy dictates a mental health assessment accompany the referral when a transfer to USP Marion/USP ADX is being considered. Inmate Lynn is being referred for greater security institution.

**Sources of Information:** The information in this report was obtained from a review of Psychology, Medical, and Central file. A clinical interview was also conducted. *"INMATE LYNN WAS NOT INTERVIEWED"*

**Demographic Information:** Inmate Lynn is a 46 year old male serving a Life sentence on a drug charge.
He was interviewed in segregation. He appeared in good spirits. He reports serving 13 years at FLP, ATI, ADX, MAR,
THA, ATL, and TDG. He is divorced with 2 children. He denies any mental health problems and has never required an MDS code.

**Mental health History and Current Mental Status:** Inmate Lynn does not have a history of mental health problems/treatment. He denies any substance abuse history. The clinical interview revealed his mental status was good/stable. His personal hygiene and grooming were good. He was oriented to person, place, and time. His thinking was clear, lucid, organized, and free of delusions. His mood was euthymic with a congruent, appropriate affect. His sensorium was intact. He denied any current suicidal ideation.

**Conclusions:** There is no mental health reason to preclude the transfer of this inmate to USP Marion/USP ADX. He does not have a history of mental health problems and has not exhibited any mental health difficulties adjusting to confinement in SHU at this facility. If transferred, it is likely he will adjust well and not exhibit any mental health problems.

*BASED ON ? NO INTERVIEW WAS CONDUCTED*

**SENSITIVE BUT UNCLASSIFIED**

BP-S295.052   **SPECIAL HOUSING REVIEW**   CDFRM
APR 94
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| Inmate's Name<br>**Lynn,  Richard** | Register No.<br>**09748-004** | Unit<br>**E-Unit** | Institution<br>**USP Coleman I** |
|---|---|---|---|

| Date Entered Special Housing<br>**01-03-06** | Reason for Placement<br>**SIS Investigation** | |
|---|---|---|

| I. Subject: (2 or 3 day)<br>               2 Day | Date Reviewed<br>**01-06-06** |
|---|---|

Action Taken on the Above Date:   ☐ **Release from Special Housing**
☑ **Continue in Special Housing**

Printed Name/Signature F.C Thorn/

II. RECORD REVIEW To be done weekly in the inmate's absence, beginning after the in-person 7-day review, and continuing every week between each in-person 30 day review.

| Date | Action Taken (Cross-out one): | REMARKS | SIGNATURE |
|---|---|---|---|
| 1. 1-10-06 | Release/Continue-Special Housing | **7-DAY**   CCP | |
| 2. | Release/Continue-Special Housing | | |
| 3. | Release/Continue-Special Housing | | |
| 4. | Release/Continue-Special Housing | | |

| III. Subject: (7 or 30 day)<br>**7-DAY** | Review by: SRO<br>**LT. F. C. Thorn/** | Reviewing Authority<br>**Barat, O.  Captain** |
|---|---|---|

Date inmate appeared for a special housing review: **1-10-2006**

or date inmate waived right to appear:

Has been seen daily by Medical Staff: ☐ **yes**; ☐ **no** – (reason)

Has been seen daily by responsible officer designated by Warden: ☑ **yes**; ☐ **no** (reason)

Has received prescribed weekly exercise: ☐ **yes**; ☐ **no (reason)**

Proper documentation and justification in the Central File (Incident Report, DHO Report, copies of Special Housing review form): ☐ **yes**; ☑ **no** If no, why not?

Is there a written psychiatric or psychological assessment on the inmate who has spent 30 days in a special housing status? ☐ **Yes**; ☑ **No**; Is there an additional assessment for every one month interval thereafter? ☐ **Yes**; ☑ **No**; If no, why not?

Action taken on the above date by the Segregation Review Official or the Reviewing Authority:
☐ **Release from Special Housing**; ☐ **Continue in Special Housing**

Did inmate in Administrative Detention receive a written copy of staff's decision and the basis for the finding at each 30 day review? ☐ **yes**; ☑ **no**
If no, why not (should be given provided institutional security not compromised)?

Remarks: (Any change in the reason for placement is to be noted in this section. If the reason for placement changes, the inmate must receive a copy of this form)

Date of Next Review: **30-DAY 2-07-2006**

Printed Name and Signature of Segregation Review Official or the Reviewing Authority and Date Signed
**LT. F. C. THORN**

Record Copy - Central File

(This form may be replicated via WP)                    This form replaces BP-295(52) dtd January 1988

BP-S295.052   SPECIAL HOUSING REVIEW   CDFRM
APR 94
U.S. DEPARTMENT OF JUSTICE                              FEDERAL BUREAU OF PRISONS

| Inmate's Name<br>**Lynn, Richard** | Register No.<br>09748-004 | Unit<br>**E- Unit** | Institution<br>**USP Coleman I** |
|---|---|---|---|

| Date Entered Special Housing<br>**01-03-06** | Reason for Placement<br>**SIS Investigation** | |
|---|---|---|

| I. Subject: (2 or 3 day)<br>          3 Day | | Date Reviewed<br>**01-06-06** |
|---|---|---|

Action Taken on the Above Date:  ☐ **Release from Special Housing**
                                  ☐ **Continue in Special Housing**

Printed Name/Signature F.C Thorn/

II. RECORD REVIEW To be done weekly in the inmate's absence, beginning after the in-person 7-day review, and continuing every week between each in-person 30 day review.

| Date | Action Taken (Cross-out one): | REMARKS | | SIGNATURE |
|---|---|---|---|---|
| 1. 1-17-06 | Release/Continue Special Housing | **7-DAY** | CCP | |
| 2. 1-24-06 | Release/Continue Special Housing | **14-DAY** | **CCP** | |
| 3. 1-31-06 | Release/Continue Special Housing | **21-DAY** | **CCP** | |
| 4. 2-07-06 | Release/Continue Special Housing | **28-DAY** | **CCP** | |

| III. Subject: (7 or 30 day)<br>          **30-DAY** | Review by: SRO<br>LT. F. C. Thorn/ | Reviewing Authority<br>**Barat, O.    Captain** |
|---|---|---|

Date inmate appeared for a special housing review: **2-07-2006**

or date inmate waived right to appear:

Has been seen daily by Medical Staff: ☑ **yes**; ☐ **no** – (reason)

Has been seen daily by responsible officer designated by Warden: ☑ **yes**; ☐ **no** (reason)

Has received prescribed weekly exercise: ☑ **yes**; ☐ **no (reason)**

Proper documentation and justification in the Central File (Incident Report, DHO Report, copies of Special Housing review form): ☑ **yes**; ☐ **no** If no, why not?

Is there a written psychiatric or psychological assessment on the inmate who has spent 30 days in a special housing status? ☑ **Yes**; ☐ **No**; Is there an additional assessment for every one month interval thereafter? ☑ **Yes**; ☐ **No**; If no, why not?

Action taken on the above date by the Segregation Review Official or the Reviewing Authority:
☐ **Release from Special Housing;** ☑ **Continue in Special Housing**

Did inmate in Administrative Detention receive a written copy of staff's decision and the basis for the finding at each 30 day review? ☑ **yes**; ☐ **no**
If no, why not (should be given provided institutional security not compromised)?

Remarks: (Any change in the reason for placement is to be noted in this section. If the reason for placement changes, the inmate must receive a copy of this form)

Date of Next Review: **30-DAY 03-07-2006**

Printed Name and Signature of Segregation Review Official or the Reviewing Authority and Date Signed
**LT. F. C. THORN**                                                    2 07 06

Record Copy - Central File

(This form may be replicated via WP)             This form replaces BP-295(52) dtd January 1988

BP-S295.052  SPECIAL HOUSING REVIEW   CDFRM
APR 94
U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| Inmate's Name **Lynn, Richard** | Register No. 09748-004 | Unit **E- Unit** | Institution **USP Coleman I** |
|---|---|---|---|

| Date Entered Special Housing **01-03-06** | Reason for Placement **SIS Investigation** | | |
|---|---|---|---|

| I. Subject: (2 or 3 day)  3 Day | Date Reviewed **01-06-06** |
|---|---|

Action Taken on the Above Date:  ☐ **Release from Special Housing**
                                 ☐ **Continue in Special Housing**

Printed Name/Signature F.C Thorn/

II. RECORD REVIEW To be done weekly in the inmate's absence, beginning after the in-person 7-day review, and continuing every week between each in-person 30 day review.

| Date | Action Taken (Cross-out one): | | REMARKS | SIGNATURE |
|---|---|---|---|---|
| 1. 2-14-06 | Release (Continue) Special Housing | **7-DAY** | CCP | _FCfe_ |
| 2. 2-21-06 | Release (Continue) Special Housing | **14-DAY** | CCP | _FCfe_ |
| 3. 2-28-06 | Release (Continue) Special Housing | **21-DAY** | CCP | _FCfe_ |
| 4. 3-07-06 | Release (Continue) Special Housing | **28-DAY** | CCP | _2_ |

| III. Subject: (7 or 30 day) **30-DAY** | Review by: SRO LT. F. C. Thorn/ 2 | Reviewing Authority **Barat, O.   Captain** |
|---|---|---|

Date inmate appeared for a special housing review:  3-07-06

or date inmate waived right to appear:

Has been seen daily by Medical Staff: ☐ **yes;** ☐ **no** – (reason)

Has been seen daily by responsible officer designated by Warden: ☐ **yes;** ☐ **no** (reason)

Has received prescribed weekly exercise: ☐ **yes;** ☐ **no (reason)**

Proper documentation and justification in the Central File (Incident Report, DHO Report, copies of Special Housing review form): ☐ **yes;** ☐ **no** If no, why not?

Is there a written psychiatric or psychological assessment on the inmate who has spent 30 days in a special housing status? ☐ **Yes;** ☐ **No;** Is there an additional assessment for every one month interval thereafter? ☐ **Yes;** ☐ **No;** If no, why not?

Action taken on the above date by the Segregation Review Official or the Reviewing Authority:
☐ **Release from Special Housing;** ☐ **Continue in Special Housing**

Did inmate in Administrative Detention receive a written copy of staff's decision and the basis for the finding at each 30 day review? ☐ **yes;** ☐ **no**
If no, why not (should be given provided institutional security not compromised)?

Remarks: (Any change in the reason for placement is to be noted in this section. If the reason for placement changes, the inmate must receive a copy of this form)

Date of Next Review: **30-DAY**   4-4-06

| _FC Thorn_ | _2_ | _3-07-06_ |
|---|---|---|
| Printed Name | Signature | Date Signed |

Record Copy - Central File

(This form may be replicated via WP)            This form replaces BP-295(52) dtd January 1988

114

BP-S295.052  SPECIAL HOUSING REVIEW    CDFRM
APR 94
U.S. DEPARTMENT OF JUSTICE                          FEDERAL BUREAU OF PRISONS

| Inmate's Name<br>**Lynn, Richard** | Register No.<br>09748-004 | Unit<br>**E- Unit** | Institution<br>**USP Coleman I** |
|---|---|---|---|

| Date Entered Special Housing<br>**01-03-06** | Reason for Placement<br>**SIS Investigation** | | |
|---|---|---|---|

| I. Subject: (2 or 3 day)<br>          3 Day | | Date Reviewed<br>**01-06-06** |
|---|---|---|

Action Taken on the Above Date:     □ **Release from Special Housing**
                                    □ **Continue in Special Housing**

Printed Name/Signature F.C Thorn

II. RECORD REVIEW To be done weekly in the inmate's absence, beginning after the in-person 7-day review, and continuing every week between each in-person 30 day review.

| Date | Action Taken (Cross-out one): | REMARKS | | SIGNATURE |
|---|---|---|---|---|
| 1. 3-14-06 | Release(Continue)Special Housing | 7-DAY | CCP | *7cze* |
| 2. 3-21-06 | Release(Continue)Special Housing | 14-DAY | CCP | *[signature]* |
| 3. 3-28-06 | Release/Continue-Special Housing | 21-DAY | CCP | *DElliott* |
| 4. 4-04-06 | Release/Continue-Special Housing | 28-DAY | CCP | *AElliott* |

| III. Subject: (7 or 30 day)<br>     30-DAY | Review by: SRO<br>LT. F. C. Thorn *[signature]* | Reviewing Authority<br>**Barat, O.    Captain** |
|---|---|---|

Date inmate appeared for a special housing review:  4-4-06

or date inmate waived right to appear:

Has been seen daily by Medical Staff: □ **yes**; □ **no** - (reason)

Has been seen daily by responsible officer designated by Warden: □ **yes**; □ **no** (reason)

Has received prescribed weekly exercise: □ **yes**; □ **no (reason)**

Proper documentation and justification in the Central File (Incident Report, DHO Report, copies of Special Housing review form): □ **yes**; □ **no** If no, why not?

Is there a written psychiatric or psychological assessment on the inmate who has spent 30 days in a special housing status? □ **Yes**; □ **No**; Is there an additional assessment for every one month interval thereafter? □ **Yes**; □ **No**; If no, why not?

Action taken on the above date by the Segregation Review Official or the Reviewing Authority:
□ **Release from Special Housing**; □ **Continue in Special Housing**

Did inmate in Administrative Detention receive a written copy of staff's decision and the basis for the finding at each 30 day review? □ **yes**; □ **no**
If no, why not (should be given provided institutional security not compromised)?

Remarks: (Any change in the reason for placement is to be noted in this section. If the reason for placement changes, the inmate must receive a copy of this form)

Date of Next Review: **30-DAY**  5-2-06

| Elliott | *[signature] AElliott* | 4.4.06 |
|---|---|---|
| Printed Name | Signature | Date Signed |

Record Copy - Central File

(This form may be replicated via WP)                This form replaces BP-295(52) dtd January 1988

BP-S295.052  **SPECIAL HOUSING REVIEW**   CDFRM
APR 94
**U.S. DEPARTMENT OF JUSTICE**                              **FEDERAL BUREAU OF PRISONS**

| Inmate's Name | Register No. | Unit | Institution |
|---|---|---|---|
| Lynn, Richard | 09748-004 | E-Unit | USP Coleman I |
| Date Entered Special Housing | Reason for Placement | | |
| 01-03-06 | SIS Investigation | | |

| I. Subject: (2 or 3 day) | | Date Reviewed |
|---|---|---|
| 2 Day | | |

Action Taken on the Above Date:     ☐ **Release from Special Housing**
☐ **Continue in Special Housing**

Printed Name/Signature

II. RECORD REVIEW To be done weekly in the inmate's absence, beginning after the in-person 7-day review, and continuing every week between each in-person 30 day review.

| | Date | Action Taken (Cross-out one): | REMARKS | | SIGNATURE |
|---|---|---|---|---|---|
| 1. | 04-11-06 | Release/Continue-Special Housing | 07 Day | CCP | |
| 2. | 04-18-06 | Release/Continue-Special Housing | 14 Day | CCP | |
| 3. | 04-25-06 | Release/Continue-Special Housing | 21 Day | CCP | |
| 4. | 05-02-06 | Release/Continue-Special Housing | 28 Day | CCP | |

| III. Subject: (7 or 30 day) | Review by: SRO | Reviewing Authority |
|---|---|---|
| 30 Day | F. C. Thorn, LT. | Barat, O.  Captain |

Date inmate appeared for a special housing review: 5-02-06

or date inmate waived right to appear:

Has been seen daily by Medical Staff: ☐ yes; ☐ no - (reason)

Has been seen daily by responsible officer designated by Warden: ☐ yes; ☐ no (reason)

Has received prescribed weekly exercise: ☐ yes; ☐ no (reason)

Proper documentation and justification in the Central File (Incident Report, DHO Report, copies of Special Housing review form): ☐ yes; ☐ no If no, why not?

Is there a written psychiatric or psychological assessment on the inmate who has spent 30 days in a special housing status? ☐ Yes; ☐ No; Is there an additional assessment for every one month interval thereafter? ☐ Yes; ☐ No; If no, why not?

Action taken on the above date by the Segregation Review Official or the Reviewing Authority:
☐ **Release from Special Housing;** ☐ **Continue in Special Housing**

Did inmate in Administrative Detention receive a written copy of staff's decision and the basis for the finding at each 30 day review? ☐ yes; ☐ no
If no, why not (should be given provided institutional security not compromised)?

Remarks: (Any change in the reason for placement is to be noted in this section. If the reason for placement changes, the inmate must receive a copy of this form)

Date of Next Review: 5-30-06

| F. Thorn | | 5-02-06 |
|---|---|---|
| Printed Name | Signature | Date Signed |

Record Copy - Central File

(This form may be replicated via WP)                    This form replaces BP-295(52) dtd January 1988

BP-S295.052  **SPECIAL HOUSING REVIEW**    CDFRM
APR 94
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| Inmate's Name  Lynn, Richard | Register No.  09748-004 | Unit  E-Unit | Institution  USP Coleman I |
|---|---|---|---|

| Date Entered Special Housing  01-03-06 | Reason for Placement  SIS Inves | |
|---|---|---|

| I. Subject: (2 or 3 day)   3 Day | Date Reviewed |
|---|---|

Action Taken on the Above Date:    ☐ **Release from Special Housing**
                                   ☐ **Continue in Special Housing**

Printed Name/Signature F.C Thorn/

II. RECORD REVIEW To be done weekly in the inmate's absence, beginning after the in-person 7-day review, and continuing every week between each in-person 30 day review.

| Date | Action Taken (Cross-out one): | REMARKS | | SIGNATURE |
|---|---|---|---|---|
| 1. 5 07 06 | Release(Continue)Special Housing | 7-DAY | CCP | 2 |
| 2. 5-14-06 | Release(Continue)Special Housing | 14-DAY | CCP | 2 |
| 3. 5-23-06 | Release/Continue-Special Housing | 21-DAY | CCP | 2 |
| 4. 5-30-06 | Release/Continue-Special Housing | 28-DAY | CCP | 2 |

| III. Subject: (7 or 30 day)   30-DAY | Review by: SRO  LT. F. C. Thorn/    2 | Reviewing Authority  Barat, O.   Captain |
|---|---|---|

Date inmate appeared for a special housing review:  5-30-06

or date inmate waived right to appear:

Has been seen daily by Medical Staff: ☑ **yes**; ☐ no - (reason)

Has been seen daily by responsible officer designated by Warden: ☑ **yes**; ☐ no (reason)

Has received prescribed weekly exercise: ☑ **yes**; ☐ no **(reason)**

Proper documentation and justification in the Central File (Incident Report, DHO Report, copies of Special Housing review form): ☑ **yes**; ☐ no If no, why not?

Is there a written psychiatric or psychological assessment on the inmate who has spent 30 days in a special housing status? ☐ **Yes**; ☐ **No**; Is there an additional assessment for every one month interval thereafter? ☐ **Yes**; ☐ **No**; If no, why not?

Action taken on the above date by the Segregation Review Official or the Reviewing Authority:
☐ **Release from Special Housing**; ☑ **Continue in Special Housing**

Did inmate in Administrative Detention receive a written copy of staff's decision and the basis for the finding at each 30 day review? ☑ **yes**; ☐ **no**
If no, why not (should be given provided institutional security not compromised)?

Remarks: (Any change in the reason for placement is to be noted in this section. If the reason for placement changes, the inmate must receive a copy of this form)

Date of Next Review: **30-DAY**   6-29-06

| F C Thorn | 2 | 5-30-06 |
|---|---|---|
| Printed Name | Signature | Date Signed |

Record Copy - Central File

This form may be replicated via WP.    This form replaces BP-295(52) dtd January 1989

BP-S295.052   **SPECIAL HOUSING REVIEW**   CDFRM
APR 94
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| Inmate's Name<br>Lynn, Richard | Register No.<br>09748-004 | Unit<br>E- Unit | Institution<br>USP Coleman I |
|---|---|---|---|

| Date Entered Special Housing<br>01-03-06 | Reason for Placement<br>SIS Investigation | |
|---|---|---|

| I. Subject: (2 or 3 day)<br>        3 Day | Date Reviewed<br>01-06-06 |
|---|---|

Action Taken on the Above Date:   □ Release from Special Housing
                                  □ Continue in Special Housing

Printed Name/Signature F.C Thorn/

II. RECORD REVIEW To be done weekly in the inmate's absence, beginning after the in-person 7-day review, and continuing every week between each in-person 30 day review.

| Date | Action Taken (Cross-out one): | | REMARKS | SIGNATURE |
|---|---|---|---|---|
| 1. 6 06 06 | Release/Continue Special Housing | 7-DAY | CCP | 2 |
| 2. 6 13 06 | Release/Continue Special Housing | 14-DAY | CCP | 2 |
| 3. 6 20 06 | Release/Continue-Special Housing | 21-DAY | CCP | 2 |
| 4. 6 27 06 | Release/Continue-Special Housing | 28-DAY | CCP | 2 |

| III. Subject: (7 or 30 day)<br>        30-DAY | Review by: SRO<br>LT. F. C. Thorn/   2 | Reviewing Authority<br>Barat, O.   Captain |
|---|---|---|

Date inmate appeared for a special housing review:  6 27 06

or date inmate waived right to appear:

Has been seen daily by Medical Staff: □ yes; □ no - (reason)

Has been seen daily by responsible officer designated by Warden: ☑ yes; □ no (reason)

Has received prescribed weekly exercise: □ yes; □ no (reason)

Proper documentation and justification in the Central File (Incident Report, DHO Report, copies of Special Housing review form): □ yes; □ no If no, why not?

Is there a written psychiatric or psychological assessment on the inmate who has spent 30 days in a special housing status? ☑ Yes; □ No; Is there an additional assessment for every one month interval thereafter? ☑ Yes; □ No; If no, why not?

Action taken on the above date by the Segregation Review Official or the Reviewing Authority:
□ Release from Special Housing; ☑ Continue in Special Housing

Did inmate in Administrative Detention receive a written copy of staff's decision and the basis for the finding at each 30 day review? ☑ yes; □ no
If no, why not (should be given provided institutional security not compromised)?

Remarks: (Any change in the reason for placement is to be noted in this section. If the reason for placement changes, the inmate must receive a copy of this form)

Date of Next Review: 30-DAY   7 25 06

| | | |
|---|---|---|
| Printed Name | Signature | Date Signed<br>6 27 06 |

Record Copy - Central File

(This form may be replicated via WP)                    This form replaces BP-295(52) dtd January 1988

BP-S295.052  **SPECIAL HOUSING REVIEW**    CDFRM
APR 94

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| Inmate's Name<br>Lynn, Richard | Register No.<br>09748-004 | Unit<br>E- Unit | Institution<br>USP Coleman I |
|---|---|---|---|

| Date Entered Special Housing<br>01-03-06 | Reason for Placement<br>SIS Investigation | |
|---|---|---|

| I. Subject: (2 or 3 day)<br> 3 Day | | Date Reviewed<br>01-06-06 |
|---|---|---|

Action Taken on the Above Date:   □ **Release from Special Housing**
                                  □ **Continue in Special Housing**

Printed Name/Signature F.C Thorn/

II. RECORD REVIEW To be done weekly in the inmate's absence, beginning after the in-person 7-day review, and continuing every week between each in-person 30 day review.

| Date | Action Taken (Cross-out one): | | REMARKS | SIGNATURE |
|---|---|---|---|---|
| 1. 7·04·06 | ~~Release~~/Continue-Special Housing | 7-DAY | CCP | *7c 7* |
| 2. 7-11-06 | ~~Release~~/Continue-Special Housing | 14-DAY | CCP | *7c* |
| 3. 7·18·06 | ~~Release~~/Continue-Special Housing | 21-DAY | CCP | *7c* |
| 4. 7·25·06 | ~~Release~~/Continue-Special Housing | 28-DAY | CCP | *7c* |

| III. Subject: (7 or 30 day)<br> 30-DAY | Review by: SRO<br>LT. F. C. Thorn/  *7* | Reviewing Authority<br>Barat, O.   Captain |
|---|---|---|

Date inmate appeared for a special housing review: 7-25-06

or date inmate waived right to appear:

Has been seen daily by Medical Staff: □̷ **yes**; □ **no** - (reason)

Has been seen daily by responsible officer designated by Warden: □̷ **yes**; □ **no** (reason)

Has received prescribed weekly exercise: □̷ **yes**; □ **no (reason)**

Proper documentation and justification in the Central File (Incident Report, DHO Report, copies of Special Housing review form): □̷ **yes**; □ **no** If no, why not?

Is there a written psychiatric or psychological assessment on the inmate who has spent 30 days in a special housing status? □̷ **Yes**; □ **No**; Is there an additional assessment for every one month interval thereafter? □̷ **Yes**; □ **No**; If no, why not?

Action taken on the above date by the Segregation Review Official or the Reviewing Authority:
□ **Release from Special Housing**; □̷ **Continue in Special Housing**

Did inmate in Administrative Detention receive a written copy of staff's decision and the basis for the finding at each 30 day review? □̷ **yes**; □ **no**
If no, why not (should be given provided institutional security not compromised)?

Remarks: (Any change in the reason for placement is to be noted in this section. If the reason for placement changes, the inmate must receive a copy of this form)

Date of Next Review: 30-DAY   8·22·06

| *FC Thorn* | *7* | *7·25·06* |
|---|---|---|
| Printed Name | Signature | Date Signed |

Record Copy - Central File

(This form may be replicated via WP)                    This form replaces BP-295(52) dtd January 1988

BP-S295.052   **SPECIAL HOUSING REVIEW**   CDFRM
APR 94
**U.S. DEPARTMENT OF JUSTICE**                          **FEDERAL BUREAU OF PRISONS**

| Inmate's Name<br>Lynn, Richard | Register No.<br>09748-004 | Unit<br>E- Unit | Institution<br>USP Coleman I |
|---|---|---|---|

| Date Entered Special Housing<br>01-03-06 | Reason for Placement<br>SIS Investigation | |
|---|---|---|

| I. Subject: (2 or 3 day)<br>3 Day | | Date Reviewed<br>01-06-06 |
|---|---|---|

Action Taken on the Above Date:   □ **Release from Special Housing**
                                  □ **Continue in Special Housing**

Printed Name/Signature F.C Thorn/

II. RECORD REVIEW To be done weekly in the inmate's absence, beginning after the in-person 7-day review, and continuing every week between each in-person 30 day review.

| Date | Action Taken (Cross-out one): | | REMARKS | SIGNATURE |
|---|---|---|---|---|
| 1. 3-1-66 | ~~Release~~/Continue-Special Housing | 7-DAY | CCP | 2~~ |
| 2. 3-3-66 | ~~Release~~/Continue-Special Housing | 14-DAY | CCP | 2~~ |
| 3. 3-15-66 | ~~Release~~/Continue-Special Housing | 21-DAY | CCP | 2~~ |
| 4. 3-22-66 | ~~Release~~/Continue-Special Housing | 28-DAY | CCP | 7c~~ |

| III. Subject: (7 or 30 day)<br>30-DAY | Review by: SRO<br>LT. F. C. Thorn/ 7~~ | Reviewing Authority<br>Barat, O.   Captain |
|---|---|---|

Date inmate appeared for a special housing review: 8 22-66

or date inmate waived right to appear:

Has been seen daily by Medical Staff: ☑ **yes;** □ **no** - (reason)

Has been seen daily by responsible officer designated by Warden: ☑ **yes;** □ **no** (reason)

Has received prescribed weekly exercise: ☑ **yes;** □ **no** (reason)

Proper documentation and justification in the Central File (Incident Report, DHO Report, copies of Special Housing review form): ☑ **yes;** □ **no** If no, why not?

Is there a written psychiatric or psychological assessment on the inmate who has spent 30 days in a special housing status? ☑ **Yes;** □ **No;** Is there an additional assessment for every one month interval thereafter? ☑ **Yes;** □ **No;** If no, why not?

Action taken on the above date by the Segregation Review Official or the Reviewing Authority:
□ **Release from Special Housing;** ☑ **Continue in Special Housing**

Did inmate in Administrative Detention receive a written copy of staff's decision and the basis for the finding at each 30 day review? ☑ **yes;** □ **no**
If no, why not (should be given provided institutional security not compromised)?

Remarks: (Any change in the reason for placement is to be noted in this section. If the reason for placement changes, the inmate must receive a copy of this form)

Date of Next Review: 30-DAY   9-19-66

| F.C.Thorn | 7c~~ | 8 22-66 |
|---|---|---|
| Printed Name | Signature | Date Signed |

Record Copy - Central File

(This form may be replicated via WP)                    This form replaces BP-295(52) dtd January 1988

(76)

BP-S295.052   **SPECIAL HOUSING REVIEW**   CDFRM
APR 94
**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

| Inmate's Name<br>Lynn, Richard | Register No.<br>09748-004 | Unit<br>E- Unit | Institution<br>USP Coleman I |
|---|---|---|---|

| Date Entered Special Housing<br>01-03-06 | Reason for Placement<br>SIS Investigation | |
|---|---|---|

| I. Subject: (2 or 3 day)<br>             3 Day | | Date Reviewed<br>01-06-06 |
|---|---|---|

Action Taken on the Above Date:   □ **Release from Special Housing**
                                  □ **Continue in Special Housing**

Printed Name/Signature F.C Thorn/

II. RECORD REVIEW To be done weekly in the inmate's absence, beginning after the in-person 7-day review, and continuing every week between each in-person 30 day review.

| Date | Action Taken (Cross-out one): | | REMARKS | SIGNATURE |
|---|---|---|---|---|
| 1. 8 27 06 | ~~Release~~/Continue-Special Housing | 7-DAY | CCP | 2 |
| 2. 9 05 06 | ~~Release~~/Continue-Special Housing | 14-DAY | CCP | 2 |
| 3. 9 12 06 | ~~Release~~/Continue-Special Housing | 21-DAY | CCP | 2 |
| 4. 9 19 06 | ~~Release~~/Continue-Special Housing | 28-DAY | CCP | 2 |

| III. Subject: (7 or 30 day)<br>       30-DAY | Review by: SRO<br>LT. F. C. Thorn/  2 | Reviewing Authority<br>Barat, O.   Captain |
|---|---|---|

Date inmate appeared for a special housing review: 9-19-06

or date inmate waived right to appear:

Has been seen daily by Medical Staff: ☑ **yes**; □ **no** - (reason)

Has been seen daily by responsible officer designated by Warden: ☑ **yes**; □ **no** (reason)

Has received prescribed weekly exercise: ☑ **yes**; □ **no** (**reason**)

Proper documentation and justification in the Central File (Incident Report, DHO Report, copies of Special Housing review form): ☑ **yes**; □ **no** If no, why not?

Is there a written psychiatric or psychological assessment on the inmate who has spent 30 days in a special housing status? ☑ **Yes**; □ **No**; Is there an additional assessment for every one month interval thereafter? ☑ **Yes**; □ **No**; If no, why not?

Action taken on the above date by the Segregation Review Official or the Reviewing Authority:
□ **Release from Special Housing**; ☑ **Continue in Special Housing**

Did inmate in Administrative Detention receive a written copy of staff's decision and the basis for the finding at each 30 day review? ☑ **yes**; □ **no**
If no, why not (should be given provided institutional security not compromised)?

Remarks: (Any change in the reason for placement is to be noted in this section. If the reason for placement changes, the inmate must receive a copy of this form)

Date of Next Review: 30-DAY  10-7 06

| F. Thn | 2 | 9 19 06 |
|---|---|---|
| Printed Name | Signature | Date Signed |

Record Copy - Central File

(This form may be replicated via WP)                    This form replaces BP-295(52) dtd January 1988

(21)

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MAY 2, 2007

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      FLORENCE ADMAX USP

TO  : RICHARD JOSEPH LYNN, 09748-004
      FLORENCE ADMAX USP    UNT: F    QTR: F05-106L
      PO BOX 8500
      FLORENCE,  CO 81226


FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 451438-F1      ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED  : MAY 2, 2007
SUBJECT 1      : OTHER CLASSIFICATION MATTERS
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU RAISE MORE THAN ONE ISSUE/RELATED ISSUE OR APPEAL MORE
                 THAN ONE INCIDENT REPORT (INCIDENT NUMBER).    YOU MUST
                 FILE A SEPARATE REQUEST/APPEAL FOR EACH UNRELATED ISSUE
                 OR INCIDENT REPORT YOU WANT ADDRESSED.

REJECT REASON 2: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
                 (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
                 ABOUT.

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: **LYNN  RICHARD  J.**     **C9748-CC4**     **F**     **ADX**
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL** RECORDS MAINTAINED IN CENTRAL FILE MUST BE "TRUE AND ACCURATE." I REQUESTED CERTAIN DOCUMENTS FROM MY CENTRAL FILE ON 4-11-07 FROM CASE MGR. FENLON I RECEIVED THE DOCUMENTS ON 4-12-07. I THEN, AFTER BECOMING AWARE OF FALSE AND INACCURATE INFORMATION CONTAINED WITHIN THEM, FILED A BP-8 ON 4-17-07 WHICH WAS RETURNED ON 4-18-07. THIS REQUEST HAS BEEN MADE TIMELY AND CONCERNS ONE ISSUE ONLY "CENTRAL FILE RECORDS." TO FILE A SEPARATE APPEAL ON EACH RELATED ISSUE WOULD BE ONEROUS, AS THERE ARE NUMEROUS FALSIFIED AND INACCURATE DOCUMENTS THAT HAVE BEEN CLEARLY ESTABLISHED, ALL OF WHICH REMAIN IN MY CENTRAL FILE AND HAVE BEEN USED TO ADVERSELY EFFECT MY PLACEMENT IN ADX. I HAVE BEEN TOLD THESE ERRORS WILL BE CORRECTED

5-11-07     (SEE ATTACHMENT)     _Richard J. Lynn_
DATE     SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____     _____
DATE     REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE     CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____     _____
DATE     SIGNATURE, RECIPIENT OF REGIONAL APPEAL

AT MY NEXT TEAM REVIEW, WHICH ONLY ADDRESSED THE ERRONEOUS 06-3-06 "PROGRESS REPORT." TO CORRECT THIS, AFTER THE **FACT**, IS REPREHENSIBLE, AS ITS INJURIOUS AFFECT HAS LONG BEEN DONE. THE ONLY PROPER SOLUTION TO PROTECT MY PROCEDURAL DUE PROCESS OF LAW IS TO CORRECT AND AMEND EACH DOCUMENT TO BE "TRUE AND ACCURATE AND SEND A COPY OF EACH CORRECTED DOCUMENT TO EACH REGIONAL DIRECTOR FOR THEIR REVIEW OF EACH, INSTEAD OF THE FALSE AND INACCURATE DOCUMENTS THEY USED TO DETERMINE PLACEMENT IN ADX. I REITERATE THAT IN 377 DAYS IN ADMINISTRATIVE DETENTION, AT USP COLEMAN **NEVER** DID I RECEIVE A (3)(7) OR (30) DAY SRO REVIEW. **NEVER** DID I HAVE A (30) DAY PSYCHOLOGICAL ASSESSMENT (INCLUDING A PERSONAL INTERVIEW) **NEVER** DID I HAVE A CLINICAL INTERVIEW WITH DEXTER A. JAMES, OR ANYONE FROM THE PSYCHOLOGY DEPARTMENT AND HIS "GREATER SECURITY REFERRAL" IS COMPLETELY ERRONEOUS AND THE ONLY "TRUE AND ACCURATE" STATEMENT ON THE ENTIRE REPORT IS MY NAME AND NUMBER. THIS FALSE DOCUMENT WAS ALSO USED TO PLACE ME IN ADX. **NEVER** WAS I PRESENT, NOR DID I RECEIVE OR SIGN THE 06-3-06 "PROGRESS REPORT," COMPILED BY J. BOLEY AND USED TO DECEPTIVELY AND FRAUDULENTLY PLACE ME IN ADX — WHILE **HE** CONTINUED TO DECEIVE AND MISLEAD BY ASKING WHAT USP I WANTED TO BE TRANSFERRED TO. **ALL** THE DOCUMENTS THAT ARE PART OF THIS APPEAL AND THAT I HAVE CLEARLY SHOWN ARE FALSE AND INACCURATE CAN BE VERIFIED BY OTHER DOCUMENTS IN MY FILE THAT ARE CORRECT. TO REMAIN UNCORRECTED VIOLATES THE PRIVACY ACT 5 USC § 552a (e) (5) AND (9)(i)(c) BY FAILING TO AMEND AND CORRECT THESE INACCURACIES, UNDER (9)(i)(A). IT IS A CLEARLY ESTABLISHED BOP POLICY TO MAINTAIN "TRUE AND ACCURATE" FILES. BY THE USE OF THESE FALSE DOCUMENTS AND FAILURE OF BOP STAFF TO COMPLY WITH SECTION 541.22 AND FOLLOW PROPER POLICIES AND REGULATIONS HAS VIOLATED MY PROCEDURAL DUE PROCESS RIGHTS. THE CONDITIONS AND COMPOSITION OF ADX CAUSES SIGNIFICANT AND ADVERSE CONSEQUENCES AND IMPOSES "ATYPICAL AND SIGNIFICANT HARDSHIPS IN RELATION TO THE ORDINARY INCIDENTS OF PRISON LIFE" THEREFORE, A LIBERTY INTEREST IS AT STAKE, WITH RESPECT TO MY TRANSFER TO ADX AND ITS ENVIRONMENT WITHOUT ALLOWING ME THE PROCEDURAL DUE PROCESS I WAS ENTITLED TO BY THE CONSTITUTION. I ASK THAT "TRUE AND ACCURATE" FILES BE KEPT AND I BE GRANTED A HEARING AND REVIEW USING THESE AMENDED AND CORRECTED DOCUMENTS AND A TRANSFER TO A REGULAR HIGH SECURITY USP, AS EVERY DOCUMENT THAT HAS BEEN USED, INCLUDING A FALSE INCIDENT REPORT (WHICH I AM APPEALING IN FEDERAL COURT) HAVE DENIED ME ANY PROCEDURAL DUE PROCESS OF LAW.

(24)

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MAY 18, 2007

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : RICHARD JOSEPH LYNN, 09748-004
      FLORENCE ADMAX USP    UNT: F    QTR: F05-106L
      PO BOX 8500
      FLORENCE,  CO 81226


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 451438-R1      REGIONAL APPEAL
DATE RECEIVED  : MAY 17, 2007
SUBJECT 1      : OTHER CLASSIFICATION MATTERS
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU RAISE MORE THAN ONE ISSUE/RELATED ISSUE OR APPEAL MORE
                 THAN ONE INCIDENT REPORT (INCIDENT NUMBER).   YOU MUST
                 FILE A SEPARATE REQUEST/APPEAL FOR EACH UNRELATED ISSUE
                 OR INCIDENT REPORT YOU WANT ADDRESSED.

REJECT REASON 2: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
                 (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
                 ABOUT.

**Central Office Administrative Remedy Appeal**

U.S. Department of Justice

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: LYNN RICHARD J.    REG. NO. 09748-004    UNIT F    INSTITUTION ADX
　　　LAST NAME, FIRST, MIDDLE INITIAL

**Part A - REASON FOR APPEAL** THIS APPEAL RAISES ONE ISSUE/RELATED ISSUE AND IS TIMELY. "CENTRAL FILE RECORDS" - THERE ARE NUMEROUS "FALSE AND INACCURATE" DOCUMENTS MAINTAINED WITHIN (13 SPECIAL HOUSING REVIEWS, SRO'S, 33 RECREATION FORMS, 1 PROGRESS REPORT 6-03-06, 1 GREATER SECURITY REFERRAL) ALL WHICH HAVE BEEN USED TO ADVERSELY INFLUENCE MY PLACEMENT IN ADX IN VIOLATION OF MY PROCEDURAL DUE PROCESS OF LAW. ALL MY APPEALS HAVE BEEN TIMELY FILED SINCE 4-12-07 WHEN BECOMING AWARE OF THESE DOCUMENTS (SEE BP 8-9-10 ALL TIMELY) I REQUEST ALL THESE DOCUMENTS BE CORRECTED AND A COPY OF EACH BE SENT TO EACH REGIONAL DIRECTOR FOR RECONSIDERATION AND REVIEW IN MY PLACEMENT IN ADX. IT IS BOP POLICY TO MAINTAIN "TRUE AND ACCURATE" CENTRAL FILES AND EVEN IF AN APPEAL WERE TO BE UNTIMELY - THERE IS NO TIME LIMIT FOR MAINTAINING "TRUE AND ACCURATE" FILES BY POLICY. ESPECIALLY, WHEN THE USE OF FALSE INFORMATION VIOLATES DUE PROCESS.

6-01-07
DATE

_Richard J. Lynn_
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

# RECEIVED

JUN 1 1 2007

Administrative Remedy Section
Federal Bureau of Prisons

_____          GENERAL COUNSEL
DATE

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _____

**Part C - RECEIPT**                 CASE NUMBER: _____

Return to: _____
　　　　　LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____          _____
DATE                              SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JUNE 11, 2007

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : RICHARD JOSEPH LYNN, 09748-004
      FLORENCE ADMAX USP     UNT: F    QTR: F05-106L
      PO BOX 8500
      FLORENCE,  CO 81226


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 451438-A1      CENTRAL OFFICE APPEAL
DATE RECEIVED   : JUNE 11, 2007
SUBJECT 1       : OTHER CLASSIFICATION MATTERS
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
                 (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
                 ABOUT.

REMARKS         : CONCUR WITH THE INSTITUTION'S REJECTION OF THIS
                  APPEAL.

JS-44
(Rev.1/05 DC)

Case 1:08-cv-00418-JDB   Document 1-2   Filed 03/07/2008   Page 1 of 2

CIVIL COVER SHEET

08-418
JDB

## I. (a) PLAINTIFFS

RICHARD J. LYNN

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE PR

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
# 07748-004

## DEFENDANTS

HARLEY G. LAPPIN, ET AL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

Case: 1:08-cv-00418
Assigned To : Bates, John D.
Assign. Date : 3/7/2008
Description: Pro Se General Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

□ 1  U.S. Government
Plaintiff

□ 3  Federal Question
(U.S. Government Not a Party)

⊗ 2 U.S. Government
Defendant

□ 4  Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

### □ A. *Antitrust*

□ 410 Antitrust

### □ B. *Personal Injury/ Malpractice*

□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Federal Employers Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
□ 360 Other Personal Injury
□ 362 Medical Malpractice
□ 365 Product Liability
□ 368 Asbestos Product Liability

### □ C. *Administrative Agency Review*

□ 151 Medicare Act

**Social Security:**
□ 861 HIA ((1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g)
□ 864 SSID Title XVI
□ 865 RSI (405(g)

**Other Statutes**
□ 891 Agricultural Acts
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
□ 890 Other Statutory Actions (If Administrative Agency is Involved)

### □ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### □ E. *General Civil (Other)* OR ⊗ F. *Pro Se General Civil*

**Real Property**
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

**Personal Property**
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

**Bankruptcy**
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

**Immigration**
□ 462 Naturalization Application
□ 463 Habeas Corpus- Alien Detainee
□ 465 Other Immigration Actions

**Prisoner Petitions**
□ 535 Death Penalty
□ 540 Mandamus & Other
⊗ 550 Civil Rights
□ 555 Prison Condition

**Property Rights**
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

**Federal Tax Suits**
□ 870 Taxes (US plaintiff or defendant

□ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
□ 610 Agriculture
□ 620 Other Food &Drug
□ 625 Drug Related Seizure of Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational Safety/Health
□ 690 Other

**Other Statutes**
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC Rates/etc.

□ 460 Deportation
□ 470 Racketeer Influenced & Corrupt Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities/ Exchange
□ 875 Customer Challenge 12 USC 3410
□ 900 Appeal of fee determination under equal access to Justice
□ 950 Constitutionality of State Statutes
□ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)



| □ G. *Habeas Corpus/ 2255*<br><br>□ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ H. *Employment Discrimination*<br><br>□ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ I. *FOIA/PRIVACY ACT*<br><br>□ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ J. *Student Loan*<br><br>□ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| □ K. *Labor/ERISA (non-employment)*<br><br>□ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ L. *Other Civil Rights (non-employment)*<br><br>□ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ M. *Contract*<br><br>□ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ N. *Three-Judge Court*<br><br>□ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

● 1 Original Proceeding    □ 2 Removed from State Court    □ 3 Remanded from Appellate Court    □ 4 Reinstated or Reopened    □ 5 Transferred from another district (specify)    □ Multi district Litigation    □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

*42 USC 1983*

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS    □    ACTION UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in complaint    **JURY DEMAND:** □ YES    ⊘ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    □ YES    ⊗ NO    If yes, please complete related case form.

**DATE** 3.7.08    **SIGNATURE OF ATTORNEY OF RECORD** *NC-D*

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.



PDS Print All Documents                                                    Page 1 of 1

**LIMITED OFFICIAL USE**



# Federal Bureau of Prisons
# Psychology Data System

**Date-Title:** 05-11-2006 - Eval/Rpt - Greater Security Referral
**Reg Number-Name:** 09748-004 - LYNN, RICHARD J.    **Unit:** SHU
**Author:** DEXTER A. JAMES, Psy.D, CLINICAL SCIENTIST OFFICER
**Institution:** COP - COLEMAN I USP

**Reason for Referral:** The CMC requested a mental health assessment of this inmate. Policy dictates a mental health assessment accompany the referral when a transfer to USP Marion/USP ADX is being considered. Inmate Lynn is being referred for greater security institution.

**Sources of Information:** The information in this report was obtained from a review of Psychology, Medical, and Central files. A clinical interview was also conducted.

**Demographic Information:** Inmate Lynn is a 46 year old male serving a Life sentence on a drug charge.
He was interviewed in segregation. He appeared in good spirits. He reports serving 13 years at FLP, ATI, ADX, MAR,
THA, ATL, and TDG. He is divorced with 2 children. He denies any mental health problems and has never required an MDS code.

**Mental health History and Current Mental Status:** Inmate Lynn does not have a history of mental health problems/treatment. He denies any substance abuse history. The clinical interview revealed his mental status was good/stable. His personal hygiene and grooming were good. He was oriented to person, place, and time. His thinking was clear, lucid, organized, and free of delusions. His mood was euthymic with a congruent, appropriate affect. His sensorium was intact. He denied any current suicidal ideation.

**Conclusions:** There is no mental health reason to preclude the transfer of this inmate to USP Marion/USP ADX. He does not have a history of mental health problems and has not exhibited any mental health difficulties adjusting to confinement in SHU at this facility. If transferred, it is likely he will adjust well and not exhibit any mental health problems.

**LIMITED OFFICIAL USE**

REVIEWED AND RELEASED BY

NOV 2 0 2007

NCRO LEGAL OFFICE





**SENSITIVE BUT UNCLASSIFIED**



# Federal Bureau of Prisons
# Psychology Data System

**Date-Title:** 07-27-2006 - SHU Review

**Reg Number-Name:** 09748-004 - LYNN, RICHARD J.    **Unit/Qtrs:**  F, F05-108L

**Author:** DEXTER A. JAMES, Psy.D, CLINICAL SCIENTIST OFFICER

**Institution:** COP - COLEMAN I USP

---

Inmate **LYNN** was placed in the Special Housing Unit on **06-14-2006**.  In accord with Discipline and SHU policy, a psychological review was conducted.

At the time of this review, Inmate LYNN was housed in the Special Housing Unit with a quarters assignment of **ADMIN. DETENTION** .

Inmate LYNN was interviewed.  Other staff members and/or available records were consulted as necessary and appropriate.

*The findings of this review are:*

    **MENTAL STATUS:**   Current mental status, emotional expression, and behavior do not suggest significant mental health problems.

    **ADJUSTMENT:**   Based on available information, current adjustment to Special Housing Unit appears to be **SATISFACTORY**

    **THREAT TO SELF:**   Precise prediction of self-injurious behavior is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current risk of self-harm is judged to be **LOW** .

    **THREAT TO OTHERS:**   Precise prediction of dangerousness is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current potential for harm to others is judged to be **LOW** .

## Comments:

Inmate LYNN was seen for a 30-day SHU review. He was alert, oriented, and did not appear to be responding to any internal stimuli. No significant mental health issues or concerns were reported, nor did he appear to be experiencing any acute distress. He will contact Psychology Services on an as needed basis. Psychology Services will continue to monitor through regular rounds.

**SENSITIVE BUT UNCLASSIFIED**

REVIEWED AND RELEASED BY

NOV 1 9 2007

NCRO LEGAL OFFICE

2


**LIMITED OFFICIAL USE**



### Federal Bureau of Prisons
### Psychology Data System

**Date-Title:** 03-08-2006 - SHU Review
**Reg Number-Name:** 09748-094 - LYNN, RICHARD J.    **Unit:** E/F
**Author:** RAYMOND T. PROETTO, Ph.D., DRUG ABUSE PROG COORD
**Institution:** COP - COLEMAN I USP

Inmate LYNN was placed in the Special Housing Unit on **01-03-2006**. In accord with Discipline and SHU policy, a psychological review was conducted.

At the time of this review, inmate LYNN was housed in the Special Housing Unit with a quarters assignment of **ADMIN. DETENTION** .

Inmate LYNN refused to be interviewed. He was observed by the reviewing psychologist. Staff members were consulted. Available records were reviewed where necessary and appropriate.

The findings of this review are:

**MENTAL STATUS:** Current mental status, emotional expression, and behavior do not suggest significant mental health problems.

**ADJUSTMENT:** Based on available information, current adjustment to Special Housing Unit appears to be **SATISFACTORY**

**THREAT TO SELF:** Precise prediction of self-injurious behavior is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current risk of self-harm is judged to be **LOW** .

**THREAT TO OTHERS:** Precise prediction of dangerousness is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current potential for harm to others is judged to be **LOW** .

**Comments:**

**LIMITED OFFICIAL USE**

REVIEWED AND RELEASED BY

NOV 2 0 2007

NCRO LEGAL OFFICE

## FOI Exempt

**LIMITED OFFICIAL USE**



**Federal Bureau of Prisons**
**Psychology Data System**

**Date-Title:** 06-30-2006 - SHU Review
**Reg Number-Name:** 09748-004 LYNN, RICHARD J.    **Unit:** SHU
**Author:** RAYMOND P. PROETTO, Ph.D., DRUG ABUSE PROG COORD
**Institution:** COP - COLEMAN I USP

Inmate LYNN was placed in the Special Housing Unit on **06-14-2006**. In accord with Discipline and SHU policy, a psychological review was conducted.

At the time of this review, inmate LYNN was housed in the Special Housing Unit with a quarters assignment of **ADMIN. DETENTION** .

Inmate LYNN refused to be interviewed. He was observed by the reviewing psychologist. Staff members were consulted. Available records were reviewed where necessary and appropriate.

*The findings of this review are:*

**MENTAL STATUS:**    Current mental status, emotional expression, and behavior do not suggest significant mental health problems.

**ADJUSTMENT:**    Based on available information, current adjustment to Special Housing Unit appears to be **SATISFACTORY**

**THREAT TO SELF:**    Precise prediction of self-injurious behavior is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current risk of self-harm is judged to be **LOW** .

**THREAT TO OTHERS:**    Precise prediction of dangerousness is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current potential for harm to others is judged to be **LOW** .

**Comments:**

Inmate refused to be interviewed. He waved off this writer. Staff did not report significant adjustment problems.

**LIMITED OFFICIAL USE**

REVIEWED AND RELEASED BY

MAY 2 0 2007

NCRO LEGAL OFFICE

**FOI Exempt**



 

**LIMITED OFFICIAL USE**



**Federal Bureau of Prisons
Psychology Data System**

**Date-Title:** 11-17-2005 - SHU Review
**Reg Number-Name:** 09748-004  LYNN, RICHARD J.   **Unit:** E/F
**Author:** RAYMOND X. PROETTO, Ph.D., DRUG ABUSE PROG COORD
**Institution:** COP - COLEMAN I USP

Inmate **LYNN** was placed in the Special Housing Unit on **08-25-2005**. In accord with Discipline and SHU policy, a psychological review was conducted.

At the time of this review, inmate LYNN was housed in the Special Housing Unit with a quarters assignment of **ADMIN. DETENTION**.

Inmate LYNN refused to be interviewed. He was observed by the reviewing psychologist. Staff members were consulted. Available records were reviewed where necessary and appropriate.

*The findings of this review are:*

**MENTAL STATUS:** Current mental status, emotional expression, and behavior do not suggest significant mental health problems.

**ADJUSTMENT:** Based on available information, current adjustment to Special Housing Unit appears to be **SATISFACTORY**

**THREAT TO SELF:** Precise prediction of self-injurious behavior is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current risk of self-harm is judged to be **LOW**.

**THREAT TO OTHERS:** Precise prediction of dangerousness is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current potential for harm to others is judged to be **LOW**.

**Comments:**

**LIMITED OFFICIAL USE**

REVIEWED AND RELEASED BY

NOV 2 9 2007

NCRO LEGAL OFFICE

# FOI Exempt



  

**LIMITED OFFICIAL USE**



**Federal Bureau of Prisons
Psychology Data System**

**Date-Title:** 10-20-2005 - SHU Review
**Reg Number-Name:** 09748-004 - LYNN, RICHARD J.    **Unit:** E/F
**Author:** RAYMOND F. PROIETTO, Ph.D., DRUG ABUSE PROG COORD
**Institution:** COP - COLEMAN I USP

Inmate **LYNN** was placed in the Special Housing Unit on **08-25-2005**. In accord with Discipline and SHU policy, a psychological review was conducted.

At the time of this review, inmate LYNN was housed in the Special Housing Unit with a quarters assignment of **ADMIN. DETENTION** .

Inmate LYNN refused to be interviewed. He was observed by the reviewing psychologist. Staff members were consulted. Available records were reviewed where necessary and appropriate.

*The findings of this review are:*

**MENTAL STATUS:**   Current mental status, emotional expression, and behavior do not suggest significant mental health problems.

**ADJUSTMENT:**   Based on available information, current adjustment to Special Housing Unit appears to be **SATISFACTORY**

**THREAT TO SELF:**   Precise prediction of self-injurious behavior is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current risk of self-harm is judged to be **LOW** .

**THREAT TO OTHERS:**   Precise prediction of dangerousness is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current potential for harm to others is judged to be **LOW** .

**Comments:**

Inmate refused to be interviewed. Staff did not report significant adjustment problems.

**LIMITED OFFICIAL USE**

REVIEWED AND RELEASED BY
NOV 2 0 2007
NCRO LEGAL OFFICE

FOI Exempt

**SENSITIVE BUT UNCLASSIFIED**



# Federal Bureau of Prisons
# Psychology Data System

**Date-Title:** 06-30-2006 - SHU Review

**Reg Number-Name:** 09748-004 - LYNN, RICHARD J.    **Unit/Qtrs:** F, F05-108L

**Author:** RAYMOND T. PROETTO, Ph.D., DRUG ABUSE PROG COORD

**Institution:** COP - COLEMAN I USP

---

Inmate **LYNN** was placed in the Special Housing Unit on **06-14-2006**.  In accord with Discipline and SHU policy, a psychological review was conducted.

At the time of this review, inmate LYNN was housed in the Special Housing Unit with a quarters assignment of **ADMIN. DETENTION** .

Inmate LYNN refused to be interviewed. He was observed by the reviewing psychologist.  Staff members were consulted.   Available records were reviewed where necessary and appropriate.

*The findings of this review are:*

**MENTAL STATUS:**   Current mental status, emotional expression, and behavior do not suggest significant mental health problems.

**ADJUSTMENT:**   Based on available information, current adjustment to Special Housing Unit appears to be **SATISFACTORY**

**THREAT TO SELF:**   Precise prediction of self-injurious behavior is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current risk of self-harm is judged to be **LOW** .

**THREAT TO OTHERS:**   Precise prediction of dangerousness is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current potential for harm to others is judged to be **LOW** .

## Comments:

Inmate refused to be interviewed.  He waved off this writer.  Staff did not report significant adjustment problems.

**SENSITIVE BUT UNCLASSIFIED**

REVIEWED AND RELEASED BY

NOV 2 9 2007

NCRO LEGAL OFFICE



**SENSITIVE BUT UNCLASSIFIED**



# Federal Bureau of Prisons
# Psychology Data System

**Date-Title:** 06-02-2006 - SHU Review
**Reg Number-Name:** 09748-004 - LYNN, RICHARD J. **Unit/Qtrs:** F, F05-108L
**Author:** RAYMOND T. PROETTO, Ph.D., DRUG ABUSE PROG COORD
**Institution:** COP - COLEMAN I USP

Inmate **LYNN** was placed in the Special Housing Unit on **05-25-2006**. In accord with Discipline and SHU policy, a psychological review was conducted.

At the time of this review, inmate LYNN was housed in the Special Housing Unit with a quarters assignment of **ADMIN. DETENTION** .

Inmate LYNN refused to be interviewed. He was observed by the reviewing psychologist. Staff members were consulted. Available records were reviewed where necessary and appropriate.

*The findings of this review are:*

**MENTAL STATUS:** Current mental status, emotional expression, and behavior do not suggest significant mental health problems.

**ADJUSTMENT:** Based on available information, current adjustment to Special Housing Unit appears to be **SATISFACTORY**

**THREAT TO SELF:** Precise prediction of self-injurious behavior is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current risk of self-harm is judged to be **LOW** .

**THREAT TO OTHERS:** Precise prediction of dangerousness is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current potential for harm to others is judged to be **LOW** .

## Comments:

Inmate refused to be interviewed. He simply waved off this writer. Staff did not report significant adjustment problems.

**SENSITIVE BUT UNCLASSIFIED**

REVIEWED AND RELEASED BY
NOV 2 9 2007
NCRO LEGAL OFFICE



**SENSITIVE BUT UNCLASSIFIED**



# Federal Bureau of Prisons
# Psychology Data System

**Date-Title:** 05-05-2006 - SHU Review

**Reg Number-Name:** 09748-004 - LYNN, RICHARD J.   **Unit/Qtrs:**  F, F05-108L

**Author:** RAYMOND T. PROETTO, Ph.D., DRUG ABUSE PROG COORD

**Institution:** COP - COLEMAN I USP

Inmate **LYNN** was placed in the Special Housing Unit on **05-25-2006**. In accord with Discipline and SHU policy, a psychological review was conducted.

At the time of this review, inmate LYNN was housed in the Special Housing Unit with a quarters assignment of **ADMIN. DETENTION** .

Inmate LYNN was interviewed. Other staff members and/or available records were consulted as necessary and appropriate.

*The findings of this review are:*

**MENTAL STATUS:**   Current mental status, emotional expression, and behavior do not suggest significant mental health problems.

**ADJUSTMENT:**   Based on available information, current adjustment to Special Housing Unit appears to be **SATISFACTORY**

**THREAT TO SELF:**   Precise prediction of self-injurious behavior is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current risk of self-harm is judged to be **LOW** .

**THREAT TO OTHERS:**   Precise prediction of dangerousness is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current potential for harm to others is judged to be **LOW** .

## Comments:

Inmate interviewed. He did not report significant mental health problems or concerns. He was up and about taking care of personal business

**SENSITIVE BUT UNCLASSIFIED**

REVIEWED AND RELEASED BY

LEGAL OFFICE

**\*\*SENSITIVE BUT UNCLASSIFIED\*\***



# Federal Bureau of Prisons
# Psychology Data System

**Date-Title:** 04-06-2006 - SHU Review

**Reg Number-Name:** 09748-004 - LYNN, RICHARD J.    **Unit/Qtrs:** F, F05-108L

**Author:** RAYMOND T. PROETTO, Ph.D., DRUG ABUSE PROG COORD

**Institution:** COP - COLEMAN I USP

Inmate **LYNN** was placed in the Special Housing Unit on **01-03-2006**. In accord with Discipline and SHU policy, a psychological review was conducted.

At the time of this review, inmate LYNN was housed in the Special Housing Unit with a quarters assignment of **ADMIN. DETENTION** .

Inmate LYNN refused to be interviewed. He was observed by the reviewing psychologist. Staff members were consulted. Available records were reviewed where necessary and appropriate.

*The findings of this review are:*

**MENTAL STATUS:**  Current mental status, emotional expression, and behavior do not suggest significant mental health problems.

**ADJUSTMENT:**  Based on available information, current adjustment to Special Housing Unit appears to be **SATISFACTORY**

**THREAT TO SELF:**  Precise prediction of self-injurious behavior is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current risk of self-harm is judged to be **LOW** .

**THREAT TO OTHERS:**  Precise prediction of dangerousness is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current potential for harm to others is judged to be **LOW** .

## Comments:

**\*\*SENSITIVE BUT UNCLASSIFIED\*\***

REVIEWED AND RELEASED BY

NOV 2 9 2007

NCRO LEGAL OFFICE



**SENSITIVE BUT UNCLASSIFIED**



# Federal Bureau of Prisons
## Psychology Data System

**Date-Title:** 03-08-2006 - SHU Review

**Reg Number-Name:** 09748-004 - LYNN, RICHARD J.    **Unit/Qtrs:** F, F05-108L

**Author:** RAYMOND T. PROETTO, Ph.D., DRUG ABUSE PROG COORD

**Institution:** COP - COLEMAN I USP

Inmate **LYNN** was placed in the Special Housing Unit on **01-03-2006**. In accord with Discipline and SHU policy, a psychological review was conducted.

At the time of this review, inmate LYNN was housed in the Special Housing Unit with a quarters assignment of **ADMIN. DETENTION** .

Inmate LYNN refused to be interviewed. He was observed by the reviewing psychologist. Staff members were consulted. Available records were reviewed where necessary and appropriate.

*The findings of this review are:*

**MENTAL STATUS:** Current mental status, emotional expression, and behavior do not suggest significant mental health problems.

**ADJUSTMENT:** Based on available information, current adjustment to Special Housing Unit appears to be **SATISFACTORY**

**THREAT TO SELF:** Precise prediction of self-injurious behavior is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current risk of self-harm is judged to be **LOW** .

**THREAT TO OTHERS:** Precise prediction of dangerousness is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current potential for harm to others is judged to be **LOW** .

## Comments:

**SENSITIVE BUT UNCLASSIFIED**

REVIEWED AND RELEASED BY

NOV 2 9 2007

NCRO LEGAL OFFICE

**SENSITIVE BUT UNCLASSIFIED**



# Federal Bureau of Prisons
# Psychology Data System

**Date-Title:** 02-10-2006 - SHU Review

**Reg Number-Name:** 09748-004 - LYNN, RICHARD J.    **Unit/Qtrs:** F, F05-108L

**Author:** RAYMOND T. PROETTO, Ph.D., DRUG ABUSE PROG COORD

**Institution:** COP - COLEMAN I USP

Inmate **LYNN** was placed in the Special Housing Unit on **01-03-2006**. In accord with Discipline and SHU policy, a psychological review was conducted.

At the time of this review, inmate LYNN was housed in the Special Housing Unit with a quarters assignment of **ADMIN. DETENTION** .

Inmate LYNN refused to be interviewed. He was observed by the reviewing psychologist. Staff members were consulted.  Available records were reviewed where necessary and appropriate.

*The findings of this review are:*

**MENTAL STATUS:**  Current mental status, emotional expression, and behavior do not suggest significant mental health problems.

**ADJUSTMENT:**  Based on available information, current adjustment to Special Housing Unit appears to be **SATISFACTORY**

**THREAT TO SELF:**  Precise prediction of self-injurious behavior is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current risk of self-harm is judged to be **LOW** .

**THREAT TO OTHERS:**  Precise prediction of dangerousness is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current potential for harm to others is judged to be **LOW** .

## Comments:

Inmate refused to be interviewed. He simpley ignored this wirter.  Staff did not report significant adjustment problems.

**SENSITIVE BUT UNCLASSIFIED**

REVIEWED AND RELEASED BY

NOV 2 9 2007

NCRO LEGAL OFFICE



**SENSITIVE BUT UNCLASSIFIED**



# Federal Bureau of Prisons
# Psychology Data System

**Date-Title:** 11-17-2005 - SHU Review

**Reg Number-Name:** 09748-004 - LYNN, RICHARD J.    **Unit/Qtrs:** F, F05-108L

**Author:** RAYMOND T. PROETTO, Ph.D., DRUG ABUSE PROG COORD

**Institution:** COP - COLEMAN I USP

Inmate **LYNN** was placed in the Special Housing Unit on **08-25-2005**. In accord with Discipline and SHU policy, a psychological review was conducted.

At the time of this review, inmate LYNN was housed in the Special Housing Unit with a quarters assignment of **ADMIN. DETENTION**.

Inmate LYNN refused to be interviewed. He was observed by the reviewing psychologist. Staff members were consulted. Available records were reviewed where necessary and appropriate.

*The findings of this review are:*

**MENTAL STATUS:**   Current mental status, emotional expression, and behavior do not suggest significant mental health problems.

**ADJUSTMENT:**   Based on available information, current adjustment to Special Housing Unit appears to be **SATISFACTORY**

**THREAT TO SELF:**   Precise prediction of self-injurious behavior is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current risk of self-harm is judged to be **LOW**.

**THREAT TO OTHERS:**   Precise prediction of dangerousness is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current potential for harm to others is judged to be **LOW**.

## Comments:

**SENSITIVE BUT UNCLASSIFIED**

REVIEWED AND RELEASED BY

NOV 2 0 2007

NCRO LEGAL OFFICE

**SENSITIVE BUT UNCLASSIFIED**



# Federal Bureau of Prisons
# Psychology Data System

**Date-Title:** 10-20-2005 - SHU Review

**Reg Number-Name:** 09748-004 - LYNN, RICHARD J.    **Unit/Qtrs:** F, F05-108L

**Author:** RAYMOND T. PROETTO, Ph.D., DRUG ABUSE PROG COORD

**Institution:** COP - COLEMAN I USP

Inmate **LYNN** was placed in the Special Housing Unit on **08-25-2005**. In accord with Discipline and SHU policy, a psychological review was conducted.

At the time of this review, inmate LYNN was housed in the Special Housing Unit with a quarters assignment of **ADMIN. DETENTION** .

Inmate LYNN refused to be interviewed. He was observed by the reviewing psychologist. Staff members were consulted. Available records were reviewed where necessary and appropriate.

*The findings of this review are:*

**MENTAL STATUS:** Current mental status, emotional expression, and behavior do not suggest significant mental health problems.

**ADJUSTMENT:** Based on available information, current adjustment to Special Housing Unit appears to be **SATISFACTORY**

**THREAT TO SELF:** Precise prediction of self-injurious behavior is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current risk of self-harm is judged to be **LOW** .

**THREAT TO OTHERS:** Precise prediction of dangerousness is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current potential for harm to others is judged to be **LOW** .

## Comments:

Inmate refused to be interviewed. Staff did not report significant adjustment problems.

**SENSITIVE BUT UNCLASSIFIED**

REVIEWED AND RELEASED BY

NOV 2 9 2007

NCRO LEGAL OFFICE

(12)

**SENSITIVE BUT UNCLASSIFIED**



# Federal Bureau of Prisons
# Psychology Data System

**Date-Title:** 09-22-2005 - SHU Review

**Reg Number-Name:** 09748-004 - LYNN, RICHARD J.    **Unit/Qtrs:** F, F05-108L

**Author:** RAYMOND T. PROETTO, Ph.D., DRUG ABUSE PROG COORD

**Institution:** COP - COLEMAN I USP

---

Inmate **LYNN** was placed in the Special Housing Unit on **08-25-2005**. In accord with Discipline and SHU policy, a psychological review was conducted.

At the time of this review, Inmate LYNN was housed in the Special Housing Unit with a quarters assignment of **ADMIN. DETENTION** .

Inmate LYNN was interviewed. Other staff members and/or available records were consulted as necessary and appropriate.

*The findings of this review are:*

**MENTAL STATUS:** Current mental status, emotional expression, and behavior do not suggest significant mental health problems.

**ADJUSTMENT:** Based on available information, current adjustment to Special Housing Unit appears to be **SATISFACTORY**

**THREAT TO SELF:** Precise prediction of self-injurious behavior is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current risk of self-harm is judged to be **LOW** .

**THREAT TO OTHERS:** Precise prediction of dangerousness is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current potential for harm to others is judged to be **LOW** .

## Comments:

Inmate interviewed. He did not report significant mental health problems or concerns. He spoke at length and joked frequently. Mood positive and no signs of distress.

**SENSITIVE BUT UNCLASSIFIED**

REVIEWED AND RELEASED BY

NOV 2 0

NCRO LEGAL OFFICE

13

Psychology Data System

**LIMITED OFFICIAL USE**

### SHU REVIEW

Date........: Thursday, September 22, 2005
Inmate......: LYNN, RICHARD
Reg. No.....: 09748-004

Author......: RAYMOND T. PROETTO PH.D.
Title.......: DAP COORDINATOR
Institution.: COP

---

Inmate LYNN was placed in the Special Housing Unit on 8/25/2005.  In
accord with Discipline and SHU policy, a psychological review was conducted.

At the time of this review, inmate LYNN was housed in the Special Housing
Unit with a quarters assignment of ADMIN. DETENTION.

Inmate LYNN was interviewed.  Other staff members and/or available records
were consulted as necessary and appropriate.

MENTAL STATUS ..... : Current mental status, emotional expression, and behavior
                      do not suggest significant mental health problems.

ADJUSTMENT ........ : Based on current information, current adjustment to the
                      Special Housing Unit appears to be SATISFACTORY.

THREAT TO SELF..... : Precise prediction of self-injurious behavior is difficult
                      and should be modified over time as individual circumstances
                      change.  Based on the inmate's history, exisiting conditions,
                      and other information available at the time of the review,
                      the current risk of self-harm is judged to be LOW.

THREAT TO OTHERS .. : Precise prediction of dangerousness is difficult and should
                      be modified over time as individual circumstances change.
                      Based on the inmate's history, exisiting conditions, and other
                      information available at the time of the review, the current
                      potential for harm to others is judged to be LOW.

**COMMENTS:**

Inmate interviewed.  He joked and used the time for his entertainment.  He
denied any distress or emotional problems.  Staff did not report any
noticeable problems.

REVIEWED AND RELEASED BY

NOV 2 9 ....

NCRO LEGAL OFFICE

(14)



**\*\*LIMITED OFFICIAL USE\*\***



# Federal Bureau of Prisons
# Psychology Data System

**Date-Title:** 01-12-2006 - SHU Review
**Reg Number-Name:** 09748-004 - LYNN, RICHARD J.    **Unit:** E/F
**Author:** JAVIER MOURIZ, PH.D., CODE PROG COORD
**Institution:** COP - COLEMAN I USP

---

Inmate **LYNN** was placed in the Special Housing Unit on **01-03-2006**. In accord with Discipline and SHU policy, a psychological review was conducted.

At the time of this review, inmate LYNN was housed in the Special Housing Unit with a quarters assignment of **ADMIN. DETENTION** .

Inmate LYNN was interviewed. Other staff members and/or available records were consulted as necessary and appropriate.

*The findings of this review are:*

**MENTAL STATUS:** Current mental status, emotional expression, and behavior do not suggest significant mental health problems.

**ADJUSTMENT:** Based on available information, current adjustment to Special Housing Unit appears to be **SATISFACTORY**

**THREAT TO SELF:** Precise prediction of self-injurious behavior is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current risk of self-harm is judged to be **LOW** .

**THREAT TO OTHERS:** Precise prediction of dangerousness is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current potential for harm to others is judged to be **LOW** .

## Comments:

**\*\*LIMITED OFFICIAL USE\*\***

*REVIEWED AND RELEASED BY*

*NOV 2 0 2007*

*NCRO LEGAL OFFICE*

# FOI Exempt

**SENSITIVE BUT UNCLASSIFIED**

## Federal Bureau of Prisons
## Psychology Data System

**Date-Title:** 09-21-2006 - SHU Review

**Reg Number-Name:** 09748-004 - LYNN, RICHARD J.    **Unit/Qtrs:** F, F05-108L

**Author:** JAVIER MOURIZ, PH.D., CODE PROG COORD

**Institution:** COP - COLEMAN I USP

Inmate **LYNN** was placed in the Special Housing Unit on **07-28-2006**. In accord with Discipline and SHU policy, a psychological review was conducted.

At the time of this review, inmate LYNN was housed in the Special Housing Unit with a quarters assignment of **ADMIN. DETENTION** .

Inmate LYNN was interviewed. Other staff members and/or available records were consulted as necessary and appropriate.

*The findings of this review are:*

**MENTAL STATUS:**   Current mental status, emotional expression, and behavior do not suggest significant mental health problems.

**ADJUSTMENT:**   Based on available information, current adjustment to Special Housing Unit appears to be **SATISFACTORY**

**THREAT TO SELF:**   Precise prediction of self-injurious behavior is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current risk of self-harm is judged to be **LOW** .

**THREAT TO OTHERS:**   Precise prediction of dangerousness is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current potential for harm to others is judged to be **LOW** .

**Comments:**

**SENSITIVE BUT UNCLASSIFIED**

REVIEWED AND RELEASED BY

NOV 2 0 2007

NCRO LEGAL OFFICE

**SENSITIVE BUT UNCLASSIFIED**



# Federal Bureau of Prisons
# Psychology Data System

**Date-Title:** 08-24-2006 - SHU Review

**Reg Number-Name:** 09748-004 - LYNN, RICHARD J.    **Unit/Qtrs:** F, F05-108L

**Author:** JAVIER MOURIZ, PH.D., CODE PROG COORD

**Institution:** COP - COLEMAN I USP

Inmate **LYNN** was placed in the Special Housing Unit on **07-28-2006**. In accord with Discipline and SHU policy, a psychological review was conducted.

At the time of this review, inmate LYNN was housed in the Special Housing Unit with a quarters assignment of **ADMIN. DETENTION** .

Inmate LYNN was interviewed. Other staff members and/or available records were consulted as necessary and appropriate.

*The findings of this review are:*

**MENTAL STATUS:** Current mental status, emotional expression, and behavior do not suggest significant mental health problems.

**ADJUSTMENT:** Based on available information, current adjustment to Special Housing Unit appears to be **SATISFACTORY**

**THREAT TO SELF:** Precise prediction of self-injurious behavior is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current risk of self-harm is judged to be **LOW** .

**THREAT TO OTHERS:** Precise prediction of dangerousness is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current potential for harm to others is judged to be **LOW** .

**Comments:**

**SENSITIVE BUT UNCLASSIFIED**

REVIEWED AND RELEASED BY

NOV 2 9 2007

NCRO LEGAL OFFICE

*63.*

**SENSITIVE BUT UNCLASSIFIED**



# Federal Bureau of Prisons
# Psychology Data System

**Date-Title:** 01-12-2006 - SHU Review

**Reg Number-Name:** 09748-004 - LYNN, RICHARD J.    **Unit/Qtrs:** F, F05-108L

**Author:** JAVIER MOURIZ, PH.D., CODE PROG COORD

**Institution:** COP - COLEMAN I USP

Inmate **LYNN** was placed in the Special Housing Unit on **01-03-2006**. In accord with Discipline and SHU policy, a psychological review was conducted.

At the time of this review, inmate LYNN was housed in the Special Housing Unit with a quarters assignment of **ADMIN. DETENTION** .

Inmate LYNN was interviewed. Other staff members and/or available records were consulted as necessary and appropriate.

*The findings of this review are:*

**MENTAL STATUS:** Current mental status, emotional expression, and behavior do not suggest significant mental health problems.

**ADJUSTMENT:** Based on available information, current adjustment to Special Housing Unit appears to be **SATISFACTORY**

**THREAT TO SELF:** Precise prediction of self-injurious behavior is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current risk of self-harm is judged to be **LOW** .

**THREAT TO OTHERS:** Precise prediction of dangerousness is difficult and should be modified over time as individual circumstances change. Based on the inmate's history, existing conditions, and other information available at the time of the review, the current potential for harm to others is judged to be **LOW** .

**Comments:**

**SENSITIVE BUT UNCLASSIFIED**

REVIEWED AND RELEASED BY

NOV 2 0 2007

NCRO LEGAL OFFICE

*EXHIBIT C 5*

Psychology Data System                                          Page 1 of 1

**LIMITED OFFICIAL USE**

SHU REVIEW


Date.........: Friday, September 02, 2005
Inmate......: LYNN, RICHARD
Reg. No.....: 09748-004

Author......: JAVIER MOURIZ, PHD
Title.......: CODE COORDINATOR
Institution.: COP

---

Inmate LYNN was placed in the Special Housing Unit on 8/25/2005.  In
accord with Discipline and SHU policy, a psychological review was conducted.

At the time of this review, inmate LYNN was housed in the Special Housing
Unit with a quarters assignment of ADMIN. DETENTION.

Inmate LYNN was interviewed.  Other staff members and/or available records
were consulted as necessary and appropriate.

MENTAL STATUS ..... : Current mental status, emotional expression, and behavior
                      do not suggest significant mental health problems.

ADJUSTMENT ........ : Based on current information, current adjustment to the
                      Special Housing Unit appears to be SATISFACTORY.

THREAT TO SELF..... : Precise prediction of self-injurious behavior is difficult
                      and should be modified over time as individual circumstances
                      change.  Based on the inmate's history, exisiting conditions,
                      and other information available at the time of the review,
                      the current risk of self-harm is judged to be LOW.

THREAT TO OTHERS .. : Precise prediction of dangerousness is difficult and should
                      be modified over time as individual circumstances change.
                      Based on the inmate's history, exisiting conditions, and other
                      information available at the time of the review, the current
                      potential for harm to others is judged to be LOW.

**COMMENTS:**

REVIEWED AND RELEASED BY

NOV 2 9 2007

NCRO LEGAL OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading / document was mailed to:

_Clerk of The Court, U.S. District Court for the District of Columbia_ Defendant

at _333 Constitution Ave. N.W., Washington DC 20001_

On _____5/27_____, 2008.


_Richard J. Lynn_
Plaintiff