UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD J. LYNN,
    PLAINTIFF

V.

HARLEY G. LAPPIN,
RON WILEY,
    DEFENDANTS

CIVIL ACTION No. 08-CV-0418-JDB

**RECEIVED**
MAY 29 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

## MOTION FOR APPOINTMENT OF COUNSEL

---

Comes now, Richard J. Lynn, as an incarcerated prisoner proceeding Pro Se, and respectfully moves this Honorable Court to appoint counsel to help him proceed with the litigation of his Civil Action for the following reasons;

1.) Due to plaintiff's lack of experience and limited knowledge of the law and the fact that he is at ADX - Administrative Maximum and confined to his cell 23-24 hours per day and has no possible way to receive assistance from a person trained in law at ADX.

(1)

2.) With very limited access to a law library and legal research limited to "runners" delivering law books sporadically each week (when at all, due to understaffing and other restrictions such as the books already being out) See; Walters v. Edgar, 900 F.Supp. 197 (N.D. Ill. 1995) Judge Moran noted — "No one, even the most skilled, can do proper research using this "runner system" of book delivery."

Plaintiff has NO access to a typewriter, photocopy machine and the staff refuse to make copies of any "handwritten documents". Most all of plaintiff's legal documents are "handwritten", as for over (3) years, he has been denied access to a typewriter and very limited law library access. This policy NOT to copy (at plaintiff's cost) is clearly to hinder, impede, frustrate and thwart plaintiff's access to the Court.

Plaintiff is forced to use a 3½" rubber flex-pen and carbon paper to draft (6) copies needed for the Court.

3.) Plaintiff has, through due diligence attempted to find an attorney by contacting numerous Prisoner self-help groups and associations (ie: ACLU, Colorado Bar Association, Denver Law School and has also contacted numerous local attorneys — all to no avail.

4.) ALL of plaintiff's "Court Mail" is opened, read and copied by staff before being delivered to him by regular mail. This routine pattern of opening "Court Mail" outside of plaintiff's presence, when it is clearly marked as "Court Mail" there by chilling his ability to communicate with the Court in a privileged manner.

5.) The only resource plaintiff has to receive copies of legal documents is through his Counselor R. Madison (at his cost) Madison being a subordinate of the defendant in his Civil Actions violates the "Attorney-Client Privilege", in that, his privileged and confidential documents and communications are read/examined by Madison and determined by him, if he will make the needed copies.

6.) Due to security procedures at ADX, mail is routinely delayed for days and "Certified Mail" has taken 7-14 days to even leave the institution and plaintiff's regular mail has been postmarked 20-35 days to reach him. With Court deadlines in Washington, D.C., it will be almost impossible to meet the time restraint of (11) calendar days, it would be very hard to even file a request for additional time within this (11) day deadline.

7.) Due to the meritorious and complex nature of plaintiff's claims in this Civil Action and his inability to have the resources to properly litigate, Plaintiff prays the Court will appoint Counsel to better address, conduct discovery, and litigate these Constitutional claims.

5/27/2008

Respectfully Submitted,

Richard J. Lynn

## Certificate of Service

I hereby certify that on May 27, 2008 a copy of my "Motion for Appointment of Counsel" was mailed to all defendants at the following addresses:

Harley G. Lappin
Bureau of Prisons
320 First Street, N.W.
Washington, D.C. 20534

U.S. Attorney
555 4th Street N.W.
Washington, D.C. 20001

U.S. Attorney General
Dept. of Justice
950 Pennsylvania Ave. N.W.
Washington, D.C. 20530

Ron Wiley
P.O. Box 8500
Florence, Co. 81226

(4)