UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Richard J. Lynn,<br><br>Plaintiff,<br><br>v.<br><br>Harley G. Lappin *et al.*,<br><br>Defendants. | Civil Action No. 08-0418 (JDB) |

**MEMORANDUM OPINION**

In this civil action brought *pro se*, plaintiff, a federal prisoner, sues Bureau of Prisons ("BOP") Director Harley G. Lappin and Warden Ron Wiley of the Administrative Maximum facility ("ADX") in Florence, Colorado. He alleges that BOP based its custody decisions, particularly his transfer to ADX, on "false and fabricated documents." Complaint ("Compl.") at 3. Plaintiff seeks a "[m]andatory injunction transferring [him] from ADX to a normal prison . . . in Florida," correction of his BOP records and monetary damages exceeding $500,000. *Id*. at 15. Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or for summary judgment pursuant to Fed. R. Civ. P. 56. Upon consideration of the parties' submissions and the entire record, the Court will grant defendants' motion to dismiss.

**I. BACKGROUND**

Plaintiff alleges that on October 16, 2006, BOP, relying on fabricated documents, transferred him from the United States Penitentiary in Coleman, Florida, to ADX "to punish plaintiff . . . for contacting Senator Bill Nelson of Florida concerning the constitutional violations in the Segregated Housing Unit (SHU) and the SHU staff's involvement in abetting and orchestrating the murder of inmate Rick Delano and the cover up by the Administration."

Compl. at 3.  He also alleges that the "false and inaccurate" documents have "influence[d] a number of adverse and detrimental decisions . . . including [those resulting in his] loss of . . . Good Time Credits  and . . .  numerous privileges."  *Id*.

In his three-count complaint, plaintiff advances the following claims: "Claim One: Defendants violated procedural Due Process rights conferred by Privacy Act, 5 U.S.C. § 552a (g)(1) (c)(d)(2)(4)"; "Claim Two:  Defendants violated procedural Due Process rights conferred by 28 C.F.R. § 541.22, which create a protected Liberty Interest"; and "Claim Three: Defendants violated procedural Due Process rights conferred by the Fourteenth Amendment and the Fifth Amendment."  Compl. 6, 8, 9.

## II.  DISCUSSION

1.  The Privacy Act is Plaintiff's Exclusive Remedy

In opposing defendants' motion, plaintiff makes clear that "[t]his case . . . involves records/documents maintained in [plaintiff's] Central File which are false and inaccurate and have been used by the BOP and the defendants willfully and intentionally to make adverse determinations concerning plaintiff."  Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss or for Summary Judgment [Dkt. No. 16] ("Pl.'s Opp.") at 2.  Such claims are exclusively "within the remedial scheme of the Privacy Act [5 U.S.C. § 552a]," *Chung v. U.S. Dep't of Justice*, 333 F.3d 273, 274 (D.C. Cir. 2003), which authorizes a cause of action to be brought against federal agencies only.  *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006).  Hence, the Court grants defendants' motion to dismiss the constitutional claims and the claims against the individual defendants to the extent that they are sued in their individual capacities.  *See Wilson v. Libby*, 535 F.3d 697, 704 (D.C. Cir. 2008) ("We agree with the district

court that we cannot create a *Bivens* remedy because the comprehensive Privacy Act . . . concerns affiliated with this case preclude us from doing so."); *Chung*, 333 F.3d at 274 ("We affirm the dismissal of Chung's constitutional claims because, as the district court correctly held, they are encompassed within the remedial scheme of the Privacy Act."); *Martinez*, 444 F.3d at 624 ("[T]he district court properly dismissed the named individual defendants because no cause of action exists that would entitle appellant to relief from them under the Privacy Act[.]")

    2. Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted

A court may dismiss a complaint on the ground that it fails to state a claim upon which relief can be granted if, assuming the alleged facts to be true and drawing all inferences in the plaintiff's favor, it appears that the plaintiff can prove no facts "consistent with the allegations in the complaint" to support his claim. *Bell Atlantic Corp. v. Twombly,* 550 U.S.544, ___, 127 S.Ct. 1955, 1969 (2007). Defendants assert, among other defenses, that plaintiff failed to properly exhaust his administrative remedies on the predominant claim stemming from his prison transfer and that he has failed to state a claim upon which relief can be granted. Because the latter ground resolves all claims in defendants' favor, the Court need not address whether plaintiff properly exhausted his administrative remedies.

Plaintiff seeks under the Privacy Act "correction of all False and Fabricated documents in Lynn's Central File" and monetary damages. Compl. at 15. The Privacy Act regulates how federal agencies maintain and disseminate information pertaining to individuals. An agency must "maintain all records which are used by [it] in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination[.]" 5 U.S.C. § 552a(e)(5). Upon an

individual's request for review and correction of records, an agency must provide access and "promptly, either . . . make any correction of any portion [of a record] the individual believes is not accurate, relevant, timely, or complete; or inform the individual of its refusal to amend" and, among other information, the reasons for said refusal.  5 U.S.C. § 552a(d)(1)-(2).  If dissatisfied with the agency's response, the individual may file a lawsuit for injunctive relief and for money damages when an agency intentionally or willfully fails to comply with the requirements in such a way as to have an adverse effect on an individual.  5 U.S.C. § 552a (g)(1)(C)(D), (g)(4); *Wilson v. Libby,* 498 F. Supp.2d 74, 87 (D.D.C. 2007).  An agency may be liable for "actual damages sustained by the individual as a result of the refusal or failure" to maintain accurate records and "consequently a determination is made which is adverse to the individual. . . ."  5 U.S.C. § 552a (g)(1)(C) and (g)(4)(A).  The head of a law enforcement agency, however, may promulgate regulations to exempt the agency's record systems from certain parts of the Privacy Act.  5 U.S.C. § 552a(j)(2).

   Defendants rightly argue that plaintiff's "Privacy Act claim fails as a matter of law," Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment at 11, because DOJ has properly exempted BOP's Inmate Central Record System "entirely from the access and amendment requirements of 5 U.S.C. § 552a(d) and the civil remedies of 5 U.S.C. § 552a(g)[.]" *Jackson v. Federal Bureau of Prisons*, 538 F. Supp.2d 194, 199 (D.D.C. 2008) (citing 28 C.F.R. § 16.97(a)(4)); accord *Elliott v. Federal Bureau of Prisons*, 521 F. Supp.2d 41, 56 (D.D.C. 2007) ("[C]ourts in this Circuit have held that plaintiffs are effectively barred from obtaining any remedy, including damages, under subsection (g), for BOP's alleged failure to maintain records pertaining to [them] with the mandated level of

accuracy.") (citations omitted); *Conklin v. U.S. Bureau of Prisons*, 514 F. Supp.2d 1, 6 (D.D.C. 2007) ("[B]ecause regulations exempt the Inmate Central Records System from subsection (e)(5) of the Privacy Act . . . , plaintiff effectively is barred from obtaining any remedy, including damages, under subsection (g), for the BOP's alleged failure to maintain records pertaining to him with the mandated level of accuracy.") (citations omitted). *See also Fisher v. Bureau of Prisons*, 2007 U.S. App. LEXIS 5140 (D.C. Cir., Mar. 1, 2007) (finding its prior statement that "the 'regulations governing the Bureau of Prisons . . . do not exempt those agency['s] records from *section (e)(5)* of the Act'" to be "no longer accurate" in light of BOP regulations promulgated in 2002) (*quoting Sellers v. Bureau of Prisons*, 959 F.2d 307, 309 (D.C. Cir. 1992)) (emphasis, ellipsis and brackets in original).

   For the foregoing reasons, the Court grants defendants' Rule 12(b)(6) motion to dismiss. A separate Order accompanies this Memorandum Opinion.

                         /s/
                      JOHN D. BATES
                   United States District Judge

Date: January 7, 2009